Julie Kelly (Pro Se)
823 Dorgene Lane
Cincinnati, Ohio 45244
Telephone (513) 806.4893
*Jul_kelly@mac.com*

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JULIE KELLY, an individual | Civil Case No. 1:19-cv-00372-SJD-SKB |
| Plaintiff | |
| v. | |
| FIRST DATA CORPORATION, a Delaware corporation; | **NOTICE OF ERRATA** |
| FRANK BISIGNANO, an individual; | |
| ROBIN ORDING, an individual; | |
| JACKSON LEWIS PC, a Pennsylvania professional corporation; | |
| MATTHEW BYRNE, an individual; | |
| SAUL EWING ARNSTEIN & LEHR, a Delaware limited liability partnership; and | |
| GILLIAN COOPER, an individual | |
| Defendants. | |

**NOTICE OF ERRATA**

The Plaintiff July Kelly ("Kelly") respectfully submits this Notice of Errata to her Complaint and

Jury Demand [Docket No. 1] (the "Complaint") to correct an inadvertent typographical error.

1

1)      Paragraph 234 of the Complaint contains a typographical error related to the name of the individual acting as Kelly's employer. As originally pled in the Complaint, ¶234 read:

> 234.    Defendant Ording was Barger's "employer" as that term is defined in the FMLA, 29 U.S.C. §2611(4)

The word "Barger" should be "Kelly" in ¶234 of the Complaint should read, and hereby is corrected to read, as follows:

> 234.    Defendant Ording was Kelly's "employer" as that term is defined in the FMLA, 29 U.S.C. §2611(4)

2)      This error is obvious from the context of the entire complaint (*see*, *e.g.*, Complaint paragraphs 42, 43, 93-114, 118-128, 132-144, 148-157), and in particular ¶215 alleging Barger and Ording were not in the same internal organization during Barger's tenure at First Data. As originally pled with the name "Barger" instead of "Kelly," ¶234 also is inconsistent with those paragraphs directly surrounding it, such as ¶¶ 231 and 232 in which Kelly pleads that First Data (a defendant) and Bisignano (a defendant) were Kelly's employers for purposes of the FMLA. The reference in ¶234 obviously was meant to mean that Ording (a defendant) also was "Kelly's" (the plaintiff) employer for purposes of the FMLA, not that Ording (a defendant) was the employer of Barger (a non-party to this case). This was typographical in nature, but also potentially substantive implications (although, facts demonstrating Ording's status and Kelly's employer also were plead throughout the Complaint). This error should be, and hereby is, corrected as set forth above.

DATED:    July 8, 2009

Respectfully Submitted,

 /s/ Julie Kelly
Julie Kelly, Plaintiff (Pro Se)