(a) IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

JULIE KELLY,

       Plaintiff,

v.

FIRST DATA CORPORATION, et al.,

       Defendants.

Civil Case No. 1:19-cv-00372-SJD-SKB

### AFFIDAVIT OF LISA M. CONLEY YUNGBLUT

LISA M. CONLEY YUNGBLUT, being duly sworn, deposes and says:

1. I am a resident of the State of Ohio, over the age of 18 years old, and have knowledge of the facts set forth in this Affidavit. I am competent to testify as a witness to these facts.

2. I have been a Court Reporter since October 1989. I am certified by the National Court Reporters Association. I am a notary public within the State of Ohio.

3. At the time of all relevant events testified to in this Affidavit, I was employed as a Court Reporter by Mike Mobley Court Reporting, which has an office in Cincinnati, Ohio.

4. Mike Mobley Court Reporting was retained by Planet Depos LLC, another court reporting company, on behalf of Saul Ewing Arnstein & Lehr LLP to provide a court reporter to attend and transcribe the sworn testimony of Julie Kelly in the matter of Barger v. First Data Corporation, et al., Case No. 1:17-cv-04869-FB-LB, pending in the United States District Court for the Eastern District of New York (the Kelly Deposition).

5. In addition to providing transcripts of depositions, Mike Mobley Court Reporting offers "Realtime Translation" as a text viewing program, which is a litigation technology that

allows attorneys to view the testimony of the witness and anyone else speaking at the deposition as the spoken words are being transcribed by the court reporter. That is the reason this technology is called Realtime Translation. This technology is not proprietary to Mike Mobley Court Reporting and many court reporting companies offer Realtime Translation as an option for attorneys to use at an additional cost.

6. With Realtime Translation, the transcribed words appear in real time on an iPad or laptop provided by the court reporter to the attorney who ordered the service. Realtime Translation allows counsel to read his or her questions, the testimony of the witness in response, and any objections of opposing counsel, all in real time as the words are spoken and transcribed.

7. Planet Depos LLC ordered Realtime Translation from Mike Mobley Court Reporting for Defendants' counsel to use at the Kelly Deposition.

8. Ms. Kelly's deposition took place on October 15, 2018, in Room 203 of the Potter Stewart U.S. Courthouse, 100 E. Fifth St., Cincinnati, Ohio 45202. I was the Court Reporter for the Kelly Deposition. See Cover Page from the Deposition Transcript of Julie Kelly (Kelly Tr.), attached as Exhibit 1.

9. Gillian Cooper, Esq. of Saul Ewing Arnstein & Lehr LLP and Matthew Byrne, Esq. of Jackson Lewis LLP appeared at the Kelly Deposition on behalf of the Defendants.  Robin Ording was also present in person at the Kelly Deposition. See List of Appearances, Kelly Tr., attached as Exhibit 2. Lori Graesser and Jill Poole, in house counsel for First Data, attended the deposition by way of a conference call telephone line. I listed their attendance by name in the transcript of Ms. Kelly's deposition. Id.

10. I have been furnished with a copy of the Complaint in the above-captioned matter styled as Julie Kelly v. First Data Corporation et al., Civil Case No. 1:19-cv-00372-SJD-SKB,

filed by Ms. Kelly on May 20, 2019 in the United States District Court for the Southern District of Ohio against several defendants including First Data, Ms. Cooper, Saul Ewing Arnstein & Lehr LLP, Mr. Byrne and Jackson Lewis LLP (Complaint, ECF No. 1). In her Complaint, Ms. Kelly makes certain allegations regarding the taking of her deposition in the Barger case. See Excerpt from Complaint, ¶¶ 329-354 at p. 42-45, attached as Exhibit 3. In ¶ 342 of the Complaint, Ms. Kelly alleges on information and belief that First Data, Saul Ewing Arnstein & Lehr LLP, Gillian Cooper, Jackson Lewis LLP, and Matthew Byrne "surreptitiously created a video record or live stream of Kelly's deposition without her knowledge and without notice of video recording of the deposition."

11. Ms. Kelly's allegations in ¶ 342 appear to be based on the fact that I provided an iPad for Realtime Translation for Ms. Cooper to use during the deposition. Id. at ¶¶ 337-38.

12. To my knowledge, there are no facts that support Ms. Kelly's allegations.

13. Upon arriving at the Courthouse on October 15, 2018 to take Ms. Kelly's deposition, I set up my equipment, including an iPad to be used for Realtime Translation by Ms. Cooper. The iPad was located on the side of the table where Ms. Cooper and Mr. Byrne were sitting, facing them so that Ms. Cooper could read Ms. Kelly's testimony as I was transcribing it.

14. I do not recall that either Ms. Kelly or Shawn Shearer, Esq., Mr. Barger's lawyer present at the Kelly Deposition (See Ex. 2) complained or objected to the presence of the iPad or asked any questions about the iPad or Realtime Translation.

15. Mike Mobley Court Reporting owns the iPad that was used at the Kelly Deposition for Realtime Translation.

35040804.5

16. The iPad in the Kelly Deposition was solely used to display the transcribed testimony in real time. I did not record anyone in the room through the use of the iPad, nor did I observe anyone in the room recording anyone through the use of the iPad or any other device.

17. I did not enable the iPad used in the Kelly Deposition to stream any audio, video, or text to any person outside of Room 203 of the Courthouse including, but not limited to Ms. Graesser or Ms. Poole.

18. At the conclusion of the Kelly Deposition, I collected the iPad and returned it to Mike Mobley Court Reporting.

19. At no time either before or during the deposition did Ms. Cooper, Mr. Byrne, Ms. Ording, Ms. Graesser, Ms. Poole or anyone ask or direct me to use the iPad to record Ms. Kelly or live steam her testimony. The iPad was solely used to display the real time transcription of her deposition in Room 203 of the Courthouse.

20. I declare under the penalty of perjury that the foregoing is true and correct.

*Lisa M. Conley Yungblut* (signature)
Lisa M. Conley Yungblut

STATE OF OHIO          )
                       ) ss.:
COUNTY OF Montgomery   )

Sworn to before me this

15th day of July, 2019

*Candace Sparks* (signature)
Notary Public

CANDACE SPARKS, Notary Public
In and for the State of Ohio
My Commission Expires July 27, 2021

-4-

# **EXHIBIT 1**

```
 1              UNITED STATES DISTRICT COURT
 2              EASTERN DISTRICT OF NEW YORK
 3                        *   *   *
 4   STEVEN B. BARGER, an
 5   individual,
 6            Plaintiff,
 7       vs.                    CASE NO. 1:17-CV-4869
 8   FIRST DATA CORPORATION, a
 9   Delaware corporation; and
10   FRANK BISIGNANO, DAN
11   CHARRON, ANTHONY MARINO,
12   KAREN WHALEN, and RHONDA
13   JOHNSON, each an individual,
14            Defendants.
15                        *   *   *
16        Deposition of JULIE KELLY, Witness
17   herein, called by the Defendants for
18   cross-examination pursuant to the Rules of Civil
19   Procedure, taken before me, Lisa M. Conley
20   Yungblut, a Notary Public within and for the State
21   of Ohio, at the Potter Stewart Courthouse, 100
22   East Fifth Street, Room 203, Cincinnati, Ohio, on
23   Monday, the 15th of October, 2018, at 12:07 p.m.
24                        *   *   *
25
```

# EXHIBIT 2

Transcript of Julie Kelly
Conducted on October 15, 2018

7

```
 1    APPEARANCES:

 2         On behalf of the Plaintiff:

 3              The Law Office of Shawn Shearer

 4         By:  Shawn Shearer
                Attorney at Law
 5              3839 McKinney Avenue
                Suite 155-254
 6              Dallas, Texas 75204
                972-803-4499
 7              shawn@shearerlaw.pro

 8


 9         On behalf of the Defendants:

10              Saul Ewing Arnstein & Lehr, LLP

11         By:  Gillian A. Cooper
                Attorney at Law
12              650 College Road East
                Suite 4000
13              Princeton, New Jersey 08540-6603
                609-452-5021
14              gillian.cooper@saul.com

15              and

16              Jackson Lewis

17

18         By:  Matthew R. Byrne
                Attorney at Law
19              2600 PNC Center
                201 East 5th Street
20              Cincinnati, Ohio 45202
                513-898-0050
21              Matthew.Byrne@jacksonlewis.com

22

23         ALSO PRESENT:
                Robin Ording
24              Jill Poole (by phone)
                Lori Graesser (by phone)
25                    *   *   *
```

# EXHIBIT 3

Julie Kelly (Pro Se)
823 Dorgene Lane
Cincinnati OHIO 45244
Telephone (513) 806.4893
*jul_kelly@mac.com*



# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JULIE KELLY, an individual <br><br> Plaintiff <br><br> v. <br><br> FIRST DATA CORPORATION, a Delaware corporation; <br><br> FRANK BISIGNANO, an individual; <br><br> ROBIN ORDING, an individual; <br><br> JACKSON LEWIS PC, a Pennsylvania professional corporation; <br><br> MATTHEW BYRNE, an individual; <br><br> SAUL EWING ARNSTEIN & LEHR, a Delaware limited liability partnership; and <br><br> GILLIAN COOPER, an individual <br><br> Defendants. | Civil Case No. **1:19CV372** <br><br><br> **COMPLAINT AND JURY DEMAND** |

**COMPLAINT AND JURY DEMAND**

326. First Data, SEAL, Cooper, Jackson Lewis and Byrne negligently inflicted emotional distress on Kelly.

327. Kelly's emotional distress suffered was severe and required medical treatment.

328. Kelly is entitled to punitive damages for reckless and intentional infliction of emotional distress.

## COUNT VIII
## EAVESDROPPING/INVASION OF PRIVACY

329. Kelly incorporates and restates each of the preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

330. This Count VIII is alleged against Defendants First Data, Ording, SEAL, Jackson Lewis, Cooper and Byrne.

331. Kelly entered the mediation room at the Potter Stewart Courthouse at the same time as Barger's counsel in the Barger Case.

332. When Kelly entered the mediation room at the Potter Stewart Courthouse for her deposition in the Barger Case on October 15, 2018, in the room were the court reporter, Gillian Cooper of SEAL, Ording, and Matt Byrne of Jackson Lewis.

333. No one in the room advised Kelly that the conference phone in the room had been engaged and had an open line at the time Kelly entered the room.

334. The conference call at the October 15, 2018 deposition, had been engaged by SEAL, Cooper, Byrne and Jackson Lewis prior to Kelly and Barger's counsel arrival at the room without with Kelly or Barger's counsel witnessing the numbers called or persons engaged on the call. This conference call could have only been engaged by Byrne, Cooper, or Ording.

335. When Cooper went on the record to begin the deposition, she announced that two individuals, Jill Poole and Lori Graesser, both in-house counsel for First Data in Omaha, were on the call.

336. At the time of Cooper's announcement of Poole's and Graesser's presence, no statements were made from Poole, Graesser, or anyone else that may have been on the conference line announcing their presence.

337. During Kelly's entire deposition, a laptop or pad was positioned across the table from Kelly with its camera pointed directly at Kelly.

338. The laptop or pad was not used by any of the participants during the deposition and its location and placement never changed.

339. During breaks in Kelly's deposition, Kelly spoke off the record with the court reporter casually, and then privately with Barger's counsel, who is her counsel in this case.

340. During breaks in the deposition, the laptop/pad was never removed from the room.

341. Kelly noticed that the conference line on the conference room phone was never disengaged during the breaks.

342. Upon information and belief, subject to further discovery, First Data, SEAL, Cooper, Jackson Lewis and Byrne surreptitiously created a video recording or live stream of Kelly's deposition without her knowledge and without notice of video recording of the deposition.

343. Upon information and belief, subject to further discovery, SEAL, Cooper, Jackson Lewis and Byrne, intentionally left the conference room line open so that the participants on the

other end of the call could eavesdrop on the conversations between Kelly and her attorney in this case.

344. Through written communications following her deposition, Kelly requested that SEAL and Jackson Lewis identify all individuals that were privy to either the audio or video of Kelly's deposition.

345. SEAL, Cooper, Jackson Lewis and Byrne have refused to answer those questions other than to say that Poole and Graesser were announced as being on the phone. SEAL and Jackson Lewis will not respond to inquiries regarding whether Poole and Graesser were the only ones on the phone or viewing a video stream of the deposition. SEAL and Jackson Lewis will not respond to inquiries regarding whether the deposition was recorded or streamed on video.

346. SEAL, Cooper, Jackson Lewis, and Byrne, given the opportunity prior to filing this Complaint, did not deny that the laptop was being used to create video images of Kelly's deposition.

347. Based on the notice of deposition and the announcement of those present on the phone by Cooper, Kelly had no reason, legal or represented, to believe that her deposition was to be live streamed or recorded by audio means, and Kelly had no reason to believe that anyone other than those present in the room and Poole and Graesser as announced, were listening or viewing the deposition.

348. Kelly had no notice that the live lines (audio and video) would remain open and operational during breaks taken off-the-record during her deposition.

349. Conversations occurred between Kelly and her attorney in this case that were privileged and listened to by opposing counsel.

350. Kelly's deposition was taken at the Potter Stewart Courthouse using the federal space occupied by this Court as ordered by Magistrate Bowman.

351. Kelly appeared at the time and location and the federal courthouse as ordered by Magistrate Bowman.

352. The events alleged in this Count occurred inside of the Potter Stewart federal courthouse using the internet and telephone systems provided at that facility by the federal court.

353. The conduct complained of in this Count is a violation of Kelly's privacy under Ohio law.

354. If the audio or video was transmitted to Maryland, the primary office location of the SEAL partner on the Barger Case, the conduct complained of in this Count is in violation of Maryland's all-party consent statute. Maryland Code §10-402.

**WHEREFORE,** Plaintiff requests that this Court enter judgment against First Data on all Counts, Defendant Ording on Counts I, IV, V, VI, VII, and VIII, Defendant Bisignano on Counts I, IV, and VI, and against Defendants SEAL, Cooper, Jackson Lewis, and Byrne on Counts IV, V, VII, and VIII, and Plaintiff is entitled to the following relief:

(i) Compensatory and actual damages under all Counts, including without limitation back-pay and front-pay, lost wages, salary, bonuses, insurance, stock options, restricted stock units, medical costs, emotional distress damages;

(ii) Interest on damages;

(iii) FMLA liquidated damages under 29 U.S.C. §2617(a)(1)(A)(iii);

(iv) Punitive damages under the ADA and Title VII, 42 U.S.C. §1981a;

(v) Punitive damages for violations of the OCRA;

(vi) Punitive damages for the intentional infliction of emotional distress;

(vii) Punitive damages for invasion of privacy;