# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JULIE KELLY,<br><br>   Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION, *et al.*,<br><br>   Defendants. | Case No. 1:19-cv-00372<br><br>Judge Susan J. Dlott<br>Magistrate Judge Stephanie K. Bowman<br><br>**MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED** |

### DEFENDANTS SAUL EWING ARNSTEIN & LEHR LLP AND GILLIAN COOPER'S (1) MOTION TO DISMISS COUNTS IV, V, VII, AND VIII OF THE COMPLAINT UNDER FED. R. CIV. P. 12; OR (2) IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AS TO COUNT VIII UNDER FED. R. CIV. P. 56

Defendants, Saul Ewing Arnstein & Lehr LLP and Gillian Cooper, by and through their undersigned counsel, respectfully move this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts IV, V, VII, and VIII of Complaint, with prejudice, or alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56 as to Count VIII of the Complaint. The grounds and authorities for this Motion are set forth fully in the accompanying Memorandum of Law in Support of Defendants' Motion, which is incorporated herein by reference.

                 */s/ Laura E. Salzman*
                 Laura E. Salzman (0095304)
                 Roetzel & Andress, LPA
                 250 East Fifth Street, Suite 310
                 Cincinnati, OH 45202
                 Telephone: (513) 361-0200
                 Facsimile: (513) 361-0335
                 Email: lsalzman@ralaw.com

14069520 _1

-2-

*Of Counsel*:

Gary B. Eidelman, Esq. (*pro hac vice* to be filed)
Michael P. Cianfichi, Esq. (*pro hac vice* to be filed)
Saul Ewing Arnstein & Lehr LLP
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 332-8975
Facsimile: (410) 332-8976
gary.eidelman@saul.com
michael.cianfichi@saul.com

*Attorneys for Defendants, Saul Ewing Arnstein & Lehr LLP and Gillian Cooper*

## MEMORANDUM OF LAW

Defendants, Saul Ewing Arnstein & Lehr LLP and Gillian A. Cooper, Esq.,[1] by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of: (1) their Motion to Dismiss Counts IV, V, and VII under Fed. R. Civ. P. 12(b)(6); and (2) their Motion to Dismiss or, in the alternative, Motion for Summary Judgment as to Count VIII under Rules 12(d) and 56. As more fully set forth below, all of Kelly's claims should be dismissed, with prejudice.

## STATEMENT OF FACTS

In the interest of judicial economy, SEA&L and Cooper adopt and incorporate by reference, the Statement of Facts set forth in the Memorandum of Law in Support of the Motion to Dismiss filed by Defendants First Data Corporation, Frank Bisignano, and Robin Ording on July 30, 2019 (the First Data Motion to Dismiss).[2]

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive such motion, the plaintiff must plead sufficient facts to state a claim that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. In considering a motion to dismiss, the court must "construe the

---

[1] Cooper is employed by SEA&L as an associate attorney.

[2] SEA&L and Cooper also join in, adopt, and incorporate by reference the arguments set forth in the Memorandum of Law in Support of the Motion to Dismiss filed by Defendants Jackson Lewis P.C. and Matthew Byrne, Esq. pertaining to Counts IV, V, VII, and VIII. (Doc. # 17).

complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). The court "need not, however, accept conclusory allegations or conclusions of law dressed up as facts." *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012). Here, even in the most favorable light, Kelly's claims against SEA&L and Cooper must be dismissed with prejudice as having no basis in law or fact.

Although Defendants submit the Court should dismiss the Complaint under Rule 12(b)(6), alternatively, under Rule 56, a motion for summary judgment should be granted if the evidence submitted demonstrates there is no genuine issue as to any material fact and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

"The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial." *Kelly v. Sulfsted*, 2008 WL 886140, at *3 (S.D. Ohio Mar. 28, 2008) (citing *Celotex*, 477 U.S. at 324). The nonmoving party "may not rest upon the pleadings but must go beyond the pleadings and 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (citing *Anderson*, 477 U.S. at 257). The nonmoving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). On summary judgment, the Court must "determine whether there is a genuine issue for

trial," which only exists if there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Liberty Lobby*, 477 U.S. at 249, 252. Defendants have included an affidavit from the court reporter who took Kelly's deposition to address Count VIII of the Complaint. As discussed below, there can be no dispute of material fact and SEA&L and Cooper are entitled to judgment as a matter of law as to Count VIII.

## ARGUMENT

**1.     Count IV: Kelly's Retaliation Claims Fail.**[3] In Count IV, Kelly sues SEA&L and Cooper for retaliation under the ADA and the OCRA. Her claims against these Defendants should be dismissed because: (1) there are no allegations either SEA&L or Cooper were her employer; (2) scheduling a deposition (which this Court compelled after extensive, inflammatory, and repetitive pleadings by Kelly)[4] is not an adverse employment action; and (3) there can be no individual liability for retaliation under the ADA against Cooper.

**2.     Count V: The OCRA Claims Fail**.[5] Kelly cannot maintain claims against SEA&L and Cooper under Ohio Rev. Code Ann. §4112.02 for employment discrimination because there are no allegations that either Defendant was her employer. Lawyers for an employer may not be sued for retaliation because the definition of employer does not extend to outside counsel. *See Tolar v. Bradley Arant Boult Cummings*, 2014 WL 12836011, at *6 (N.D. Ala. Nov. 18, 2014) ("[Title VII] does not extend so far as to the reach adverse treatment here, undertaken by a law firm defendant that undisputedly had no past, present, or prospective

---

[3] SEA&L and Cooper adopt by reference and incorporate the arguments in the First Data Motion to Dismiss regarding Count IV of the Complaint.

[4] *See Barger v. First Data Corp., et al.*, Case No. 1-18-mc-00010-SJD-SKB, (Doc. # 21, 29) (the Motion to Compel Proceedings). Compelling attendance at a deposition through proper procedures of the Federal Rules of Civil Procedure is a reasonable legal position and cannot constitute retaliation. *See Ellis v. Prospect Airport Servs.*, 2019 WL 2218819, at *8 (E.D. Mich. Jan. 25, 2019).

[5] SEA&L and Cooper adopt by reference and incorporate the arguments in the First Data Motion to Dismiss regarding Count V.

14069520_1

employment relationship with any party either claiming to be aggrieved or who engaged in activity protected under § 2000e-3(a)."); *Hofmann v. Fermilab Nal/Ura*, 205 F. Supp. 2d 900, 905 (N.D. Ill. 2002) ("[The plaintiff] may not sue her former employer's lawyers under the employment discrimination law; they were not her employer."); *Savarirayan v. Blue Cross Blue Shield of Illinois*, 2011 WL 1362591, at *2 fn.5 (N.D. Ill. Apr. 7, 2011) (dismissing plaintiff's discrimination claims against his former employer's attorneys because "[the defendant's] litigation attorneys would not be considered plaintiff's employers").

Although the OCRA retaliation statute uses the term "person" as opposed to "employer," the analysis does not change. When confronted with the same question under the FLSA anti-retaliation provision, which also uses the term "any person," the Sixth Circuit expressly held that outside counsel cannot be liable for retaliation for acts taken within the scope of their legal representation of the client. *Diaz v. Longcore*, 751 F. App'x 755, 759 (6th Cir. 2018). Although the FLSA prohibits retaliation by "any person," the Sixth Circuit held that while actions taken by an employer's agent may be actionable, that cannot be the case when the agent is an attorney acting in a legal capacity. *Id*. Here, too, the scope of the anti-retaliation provision must be cabined by someone linked to the employment relationship. Kelly has not, and cannot allege First Data's outside counsel were her employer. Count V against SEA&L and Cooper should be dismissed with prejudice.

    **3.**    **Count VII: The Negligent, Reckless, and Intentional Infliction of Emotional Distress Claims Fail.** In Count VII, Kelly sues SEA&L, Cooper, and Ording for negligent, reckless, and intentional infliction of emotional distress. Kelly claims that being required to attend a deposition also attended by her former supervisor (Ording) as a corporate representative creates emotional distress claims under Ohio law. These allegations fail.

-6-

To establish a claim for negligent infliction of emotional distress, Kelly must plead that either she or someone close to her faced "physical peril." *Francis v. Gaylord Container Corp.*, 837 F. Supp. 858, 864 (S.D. Ohio 1992). In the absence of allegations of physical peril, there can be no claim for negligent infliction of emotional distress under Ohio law. *Doe v. SexSearch.com*, 551 F.3d 412, 417 (6th Cir. 2008). The Complaint is devoid of any facts establishing Kelly was in physical peril for attending a deposition in the courthouse. She was not a bystander to an accident that would cause her to fear physical harm. *Heiner v. Moretuzzo*, 73 Ohio St. 3d 80, 86-87, 652 N.E.2d 664, 669 (1995) (holding that recovery for negligent infliction of emotional distress is limited to "instances where the plaintiff has either witnessed or experienced a dangerous accident or appreciated the actual physical peril"). Kelly's claims for negligent infliction of emotional distress fail as a matter of law.

Kelly's claim of reckless or intentional infliction of emotional distress also fails as a matter of law. To prove Defendants intentionally inflicted emotional distress, Kelly must prove: (1) Defendants intended to cause emotional distress or knew or should have known that their conduct would result in serious emotional distress; (2) that the conduct of Defendants was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) that the conduct of Defendants was the proximate cause of Kelly's psychic injury; and (4) that Kelly's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it. *Kovac v. Superior Dairy, Inc.*, 930 F. Supp.2d 857, 870 (N. D. Ohio 2013) (citing *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1110 (6th Cir. 2008).

Conduct giving rise to an intentional infliction of emotional distress claim "must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Kovac*, 930 F. Supp.2d at 870 (quoting *Long v. Ford Motor Co.*, 193 F. App'x 497, 503 (6th Cir. 2006)). Ohio courts narrowly define "extreme and outrageous conduct," and stringently apply the intentional infliction of emotional distress standards in employment actions. *See Baab v. AMR Servs. Corp.*, 811 F. Supp. 1246, 1269 (N.D. Ohio 1993).

Conduct that is "extreme and outrageous" can be determined if after the "recitation of the facts an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Miller v. Currie*, 50 F.3d 373, 378 (6th Cir. 1995) (quoting *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 453 N.E. 2d 666, 671 (Ohio 1983) (abrogated on other grounds). "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not amount to extreme and outrageous conduct. *Osman v. Isotec, Inc.*, 960 F. Supp. 118, 123 (S.D. Ohio 1997) (citing *Yeager*, 453 N.E. 2d at 671-72). Deposing Kelly after this Court granted a motion to compel and having Ording attend the deposition is not conduct that is sufficiently "extreme and outrageous" as a matter of law.[6] Count VII should be dismissed with prejudice.

**4.     Count VIII: The Eavesdropping/Invasion of Privacy Claim Fails Under Rule 12 and Rule 56.** In Count VIII, Kelly alleges SEA&L and Cooper, along with the other Defendants, engaged in unlawful conduct in connection with her deposition. Without a scintilla of evidence, she claims on "information and belief," and in conclusory fashion, that an iPad was used to record her testimony and/or livestream her testimony outside of the conference room in the Courthouse where the deposition had been convened (pursuant to an Order of this Court).

---

[6] Kelly makes other factual allegations surrounding her deposition. Although not necessary for the resolution of this Motion, the process server who served Kelly with the deposition subpoena swore under penalty of perjury that he did not impersonate a Federal Express driver. *See* The Motion To Compel Proceedings, Doc. # 11-1, pp. 6-7.

She also claims she and her "counsel" (who did not represent her in connection with her deposition) remained in the conference room during deposition breaks and that Defendants eavesdropped by using the telephone line engaged for the deposition. Kelly claims Defendants are liable for invading her privacy under Ohio law.

**4.1. Kelly's Allegation Fail Under Rule 12.** Ohio law recognizes three types of invasion of privacy claims: (1) misappropriation of one's likeness, (2) public disclosure of private facts, and (3) intrusion upon seclusion. *Moran v. Lewis*, 114 N.E.3d 1254, 1257 (Ohio. App. 2018). Although unclear, it appears Kelly is alleging intrusion upon seclusion, which is defined as "the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities." *Id*. This tort "is not dependent upon publicity of private matters, but is akin to trespass in that it involves intrusion or prying into the plaintiff's private affairs." *Killilea v. Sears, Roebuck & Co.*, 27 Ohio App.3d 163, 166 (1985).

Because the alleged intrusion must shock the ordinary person to the point of emotional distress or cause them mental suffering, shame, or humiliation, the high standard is similar to that of intentional infliction of emotional distress. *Haller v. Phillips*, 69 Ohio App. 3d 574, 578 (1990); *see also Strutner v. Dispatch Printing Co.*, 1982 WL 4337, at *1 (Ohio Ct. App. Aug. 10, 1982). Furthermore, "in order to properly plead an invasion of privacy claim premised on the invasion into another's seclusion, at a minimum, there must be allegations demonstrating an intrusion, physical or otherwise, into another's solitude or private affairs." *Moran*, 114 N.E.3d at 1257. In other words, an invasion of privacy claim "must involve the viewing of affairs that are private and not in public view." *York v. General Electric Co.*, 144 Ohio App. 3d 191, 194, 759 N.E.2d 865 (2001).

Count VIII fails under Rule 12 for several reasons. First, a deposition in a public courthouse conference room is *not* a private affair. (Doc. # 1, PAGEID ("p.") 46, ¶ 350). Parties and lawyers are present at depositions, along with a court reporter who is making a record that may be used in the case, including public filings. Kelly admits, and the transcript confirms, that Cooper announced on the record the presence of First Data's in-house counsel, Lori Graesser and Jill Poole on the speaker phone at the beginning of the deposition. (*Id.*, p. 44, ¶ 335). Moreover, there was a court reporter in the conference room during the deposition. Second, Kelly does not allege what harm, if any, she suffered as a result of the alleged intrusion. Third, the claim fails because even if taken as true, Defendants' conduct does not result in a reasonable person of ordinary sensibilities being highly offended, causing shame and humiliation. For all of these reasons, Count VIII should be dismissed for failure to state a claim.

**4.2. Defendants Are Entitled To Judgment As A Matter of Law Under Rule 56.** Alternatively, Kelly's claim under Count VIII fails under Rule 56 because there is no dispute of material fact and Defendants are entitled to judgment as a matter of law. Kelly admits she has no support for this claim.

In paragraph 342 of the Complaint, Kelly alleges that "upon information and belief," Defendants created a video recording or livestreamed her deposition. These allegations have no basis in truth or fact. Regardless of whether these allegations could support a claim for invasion of privacy, which they do not, the affidavit of Lisa Yungblut, the court reporter at Kelly's deposition, refutes any notion that there was any surreptitious recording or livestreaming at the deposition. (*See* Affidavit of Lisa Yungblut "Yungblut Aff." Doc. #20). The iPad Kelly refers to was used for Realtime Translation in her deposition, which is litigation technology that allows lawyers to see the transcription of the testimony, any objections, and the witness' answers in real

time. (Yungblut Aff., Doc. 20, PAGEID ("p.") 327-328, ¶¶ 5-6). The iPad was not used to record Kelly's deposition, nor was there any live streaming of the deposition. *Id.*, ¶¶ 16-19. There is no factual basis to support claims that Kelly's privacy was invaded in this fashion.

In paragraph 343, Kelly alleges on information and belief Defendants intentionally left the deposition room so that Graesser and Poole, could listen to Kelly's conversations with her attorney, Shawn E. Shearer, Esq. These facts do not support a claim for invasion of privacy. Kelly and Shearer were well-aware that Graesser and Poole were attending the deposition by telephone. (Doc. # 1, p. 44, ¶ 335). The deposition transcript listed both of their appearances. (Yungblut Aff., Doc. 20, p. 328 ¶¶ 9-10 and Ex. 1 attached thereto).

There simply is no factual basis for Kelly to allege Defendants invaded her privacy. Yungblut's affidavit demonstrates that there is no dispute of material fact as to the use of the iPad for Realtime Translation during the deposition, or that two lawyers from the company listened in on the deposition by telephone. Defendants are entitled to judgment as a matter of law on Count VIII, which should be dismissed with prejudice.

**5. Kelly's Claims Against SEA&L and Cooper are Barred by the Litigation Privilege.** All of Kelly's claims against SEA&L and Cooper are also barred by the litigation privilege doctrine. This doctrine states that actions and statements by counsel in the course of and related to civil proceedings are privileged from suit. *Surace v. Wuliger*, 25 Ohio St.3d 229, 233-34, 495 N.E.2d 939, 943 (1986); *Hartman v. Asset Acceptance Corp.*, 467 F. Supp.2d 769, 776 (S.D. Ohio 2004) (describing that the litigation privilege "broadly protects all actors in the course of judicial proceedings from subsequent liability for acts and conduct related to the proceeding."). Because all of SEA&L's and Cooper's actions occurred in the course of their representation of First Data in litigation, they, as lawyers, cannot be sued.

-11-

The litigation privilege extends to counsel during all parts of their representation. *M.J. DiCorpo, Inc. v. Sweeney*, 69 Ohio St. 3d 497, 506, 634 N.E.2d 203, 209 (1994). It is premised on the notion that an attorney's zealous representation of its client should not be impeded out of the attorney's concern for lawsuits by the opposing party for actions such as libel or slander. *Theiss v. Scherer*, 396 F.3d 646, 649-50 (6th Cir. 1968). But the privilege protects against more than just defamation actions and extends to civil actions for torts, such as the instant action. *Hartman*, 467 F. Supp. 2d at 777.

Here, the doctrine protects SEA&L and Cooper from suit for actions and conduct related to their representation of First Data in the *Barger* matter, including the decision to depose Kelly. The deposition occurred in the normal course of litigation, and therefore, Defendants retain the benefit of the litigation privilege. But for SEA&L's and Cooper's representation of First Data, the complained-of conduct against them would not exist. Kelly is therefore barred from bringing any claims against SEA&L and Cooper arising out of that representation. The Court should dismiss SEA&L and Cooper from this action.

**6.     Kelly's Complaint Should Be Stricken.** Defendants join Jackson Lewis and Byrne in requesting that Kelly's Complaint, in which she claims to be proceeding *pro se*, be stricken because it appears to have been "ghostwritten." From even the most simple reading, it seems fairly obvious that Kelly had the assistance of a lawyer, most likely Shearer who Kelly pleads is her attorney, (Doc. # 1, p. 44, ¶ 339), to aid, assist, and draft the eight-count, 354-paragraph complaint.[7] "Ghostwriting of legal documents by attorneys on behalf of litigants who

---

[7] This Court is aware that Kelly filed numerous pleadings in connection with First Data's efforts to compel her deposition in the *Barger* case in which she claimed to be representing herself. *See* The Motion To Compel Proceedings, Doc. # 4, 7, 8, 10, 17-20, 24, 27-28, 30-30. With the filing of her Complaint, Kelly included submissions that the lawyer representing her, Shearer, filed with the Ohio Civil Rights Commission in support of her underlying claim that Defendants had retaliated against her for filing a charge by deposing her. Despite the representations to this Court, included among those documents, are emails between Kelly and Shearer which refute any notion that she was proceeding *pro se*. (Doc. # 1-2, pp. 132, 172, 178-88). She also claims to be *pro se* in this

14069520_1

state that they are proceeding *pro se* has been held to be inconsistent with the intent of procedural, ethical and substantive rules of the Court." *Ostevoll v. Ostevoll*, 2000 WL 1611123, at *9 (S.D. Ohio Aug. 16, 2000). The practice "allows counsel to escape the obligation imposed on members of the bar under Rule 11 of representing to the court that there is good ground to support the assertions made." *Id*. This Court has held that the practice of using counsel who is not admitted in the case to substantially aid the plaintiff who claims to be *pro se* "violates the Court's Rules and will not be tolerated." *Id*. at *10.

"It is well-established that a litigant may not hold himself out as *pro se* if he is receiving help from attorneys in preparing his briefs." *Gordon v. Dadante*, 2009 WL 1850309, at *27 (N.D. Ohio June 26, 2009). Courts take a serious position against *pro se* plaintiffs who actually submit ghostwritten filings by lawyers because, in those cases, that *pro se* plaintiff "enjoys the benefit of the legal counsel while also being subjected to the less stringent standard reserved for those proceeding without the benefit of counsel." *Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997). For these reasons, federal courts in Ohio have stricken ghostwritten complaints and after appropriate inquiry, this Court should do the same here. *See Doe v. Bollaert*, 2013 WL 12123908, at *1 (S.D. Ohio Oct. 22, 2013) (striking ghostwritten filings from the record); *see also Dadante*, 2009 WL 1850309, at *27 ("This Court will continue to strike ghostwritten submissions from any party and will, in the future, entertain motions for contempt against a party submitting ghostwritten material.").

---

case, yet she makes factual allegations in the Complaint that Shearer is her lawyer and she also seeks attorneys' fees. (*Id.*, pp. 44-45, ¶¶ 339, 343, 349, and the *ad damnum* at p. 47). The request for legal fees begs the question: if Kelly is not represented by counsel, on what basis does she seek legal fees? It also should be noted that on July 8, 2019, Kelly filed a so-called "Errata Sheet" (Doc. # 16) to correct a factual allegation in her Complaint. There is nothing in the Federal Rules of Civil Procedure that permits complaints to be amended in this manner. Doc. # 16 should also be stricken as procedurally improper.

## **CONCLUSION**

For the reasons above, Defendants respectfully request this Court grant the Motion to Dismiss, or in the alternative, Motion for Summary Judgment and dismiss the Complaint in its entirety with prejudice.

Respectfully submitted,

*/s/ Laura E. Salzman*
Laura E. Salzman (0095304)
Roetzel & Andress, LPA
250 East Fifth Street, Suite 310
Cincinnati, OH 45202
Telephone: (513) 361-0200
Facsimile: (513) 361-0335
Email: lsalzman@ralaw.com

*Of Counsel*:

Gary B. Eidelman, Esq. (*pro hac vice* to be filed)
Michael P. Cianfichi, Esq. (*pro hac vice* to be filed)
Saul Ewing Arnstein & Lehr LLP
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 332-8975
Facsimile: (410) 332-8976
gary.eidelman@saul.com
michael.cianfichi@saul.com

*Attorneys for Defendants, Saul Ewing Arnstein & Lehr LLP and Gillian Cooper*

## CERTIFICATION OF SERVICE

I hereby certify that on July 30, 2019, the foregoing was electronically filed with the Court's CM/ECF system and the system will send electronic notification to all counsel of record via the Court's electronic filing system.

                                            */s/ Laura E. Salzman*
                                            Laura E. Salzman

14069520_1