**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**Julie Kelly,**

      Plaintiff,

      v.

**First Data Corporation,
et al.,**

      Defendant.

Case No. 1:19-cv-00372
District Judge Douglas R. Cole
Magistrate Judge Stephanie Bowman

RULE 26(F) REPORT OF PARTIES
(to be filed not later than seven days prior to the preliminary conference)

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **March 6, 2020**, and was attended by:

    **Julie Kelly**, counsel for plaintiff(s) Julie Kelly (pro se)

    **Laura E. Salzman**, counsel for Defendant First Data Corporation*

    **Michael P. Cianfichi**, counsel for Defendant First Data Corporation*

2. The parties:

\_\_\_\_ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

 will exchange such disclosures by **March 23, 2020.**

\_\_\_\_ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

---

\* On January 27, 2020, Magistrate Judge Stephanie K. Bowman issued a Report & Recommendation dismissing all claims against Defendants Frank Bisignano, Robin Ording, Saul Ewing Arnstein & Lehr LLP and Gillian Cooper, Esq., all of whom are represented by Roetzel & Andress and Saul Ewing Arnstein & Lehr LLP. ECF Doc # 35. The claims against Jackson Lewis P.C. and Matthew Byrne, Esq., both of whom were represented by Jackson Lewis P.C., were also dismissed. The Report and Recommendation also dismissed all claims against Defendant First Data Corporation (represented by this counsel), except for a single claim of failure to accommodate under the Americans with Disabilities Act. For these reasons, the only defendant participating in this Rule 26(f) Report is First Data Corporation. Plaintiff has been granted an extension until March 9, 2020 to file her specific written objections to the Report & Recommendation. Should the Court sustain any of Plaintiff's objections with respect to any of the other defendants, a supplemental Rule 26(f) Report will be filed.

3. The parties:

\_\_\_\_ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

✓ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

\_\_\_\_\_unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions direct to the pleadings:

   **May 12, 2020.**

5. Recommended cut-off date for filing any motion to amend the pleadings

   and/or to add additional parties:

   June 16, 2020.

6. Recommended discovery plan:
   a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial:

   **Plaintiff's sole remaining claim of "failure to accommodate" against Defendant First Data Corporation. The parties reserve the right to modify this Rule 26(f) Report pending the Court's resolution of Plaintiff's March 6, 2020 Objection to the Court's Report and Recommendation (ECF No. 42).**

   b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

   **None at this time.**

   c. Additional recommended limitations on discovery:

   **None at this time.**

    d. Recommended date for the disclosure of lay witnesses:

**July 14, 2020.**

    e. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. Po. 26(a)(2).

**The area of testimony for which expert testimony may be expected are Plaintiff's damages with respect to her remaining claim of "failure to accommodate" under the Americans with Disabilities Act against Defendant First Data Corporation. No experts have been retained at this time, but the parties reserve the right to do so, on the above topic or any other topic for which expert testimony is appropriate, in accordance with the proposed expert designation deadlines set forth herein.**

    f. Recommended date for disclosure and report of Plaintiffs) expert(s):

**August 25, 2020.**

    g. Recommended date for disclosure and report of Defendant(s) expert(s):

**September 22, 2020.**

    h. Recommended date for disclosure and report of rebuttal expert(s):

**October 20, 2020.**

    i. Discovery of Electronically Stored Information: The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

 Yes

\_\_\_\_ No

    i. The parties have electronically stored information in the following formats:

**Emails, Word documents, PDF documents, Excel spreadsheets, and/or image files.**

    ii. The case presents the following issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced:

> **The parties will need to agree upon a protective order with respect to discovery and a protocol in conjunction with any search for ESI, including an agreement upon search terms. Plaintiff will also need to be able to access a secure File Transfer Protocol (FTP) network where responsive documents to any forthcoming document requests will be transferred for production so that she can download the files from a secure server.**

j. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by privilege or the work- product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

> ✓ Yes. The parties will file a joint motion under Fed. R. Evid. 502.
>
> \_\_\_\_ No
>
> i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:
>
> **Defendant anticipates issues with respect to communications Plaintiff may have had with Shawn Shearer, Esq. regarding her remaining ADA claim when he was not acting as her attorney.**
>
> ii. Have the parties agreed on a procedure to assert such claims AFTER production?
>
> \_\_\_\_ Yes
>
> ✓ No

7. Recommend discovery cut-off date: **December 18, 2020.**

8. Recommended dispositive motion date: **January 22, 2021**.

9. Recommended date for status conference (if any): **The parties will contact the Court if needed**.

10. Suggestions as to type and timing of efforts at Alternative Dispute Resolution: **The parties agree that a settlement conference with a magistrate judge would be appropriate in the event of the Court's denial of Defendant's expected Rule 56 motion.**

11. Recommended date for a final pretrial conference: **The Parties request the Court not set a date for a final pretrial conference until after the Court has ruled on Defendant's expected Rule 56 motion.**

12. Has a settlement demand been made? **Yes.**

    A response? **No.**

    Date by which a settlement demand can be made: Defendant will **evaluate any reasonable settlement demand** received from **Plaintiff.**

    Date by which a response can be made: _____

13. Other matters pertinent to the scheduling or management of this

    litigation:

    **The parties agree that the United States Postal Service (USPS) will be the sole method of service for any hard-copy documents that cannot be served electronically.**

Signatures:

Attorney(s) for Plaintiff(s):                    Attorney(s) for Defendants(s)

/s/*Julie Kelly (via email permission)*          /s/ *Laura E. Salzman*
Julie Kelly (pro se)                             Laura E. Salzman (0095304)
                                                 Attorney for First Data Corp.

                                                 /s/*Michael P. Cianfichi*
                                                 Gary B. Eidelman (*pro hac vice*)
                                                 Michael P. Cianfichi (*pro hac vice*)
                                                 Attorneys for First Data Corp.