UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JULIE KELLY,<br><br>   Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION, *et al.*,<br><br>   Defendants. | Civil Case No. 1:19-cv-00372-DRC-SKB<br><br>Judge Douglas R. Cole<br>Magistrate Judge Stephanie K. Bowman<br><br>**OPPOSITION OF DEFENDANTS FIRST DATA CORPORATION, FRANK BISIGNANO, ROBIN ORDING, SAUL EWING ARNSTEIN & LEHR LLP, AND GILLIAN COOPER TO PLAINTIFF'S RULE 72(b) OBJECTION** |

  Defendants First Data Corporation, Frank Bisignano, Robin Ording, Saul Ewing Arnstein & Lehr LLP, and Gillian Cooper, by and through their undersigned counsel, respectfully submit this Opposition to Plaintiff Julie Kelly's Response to Motions on Report and Recommendation, (the "Objection") (Doc. No. 42). As more fully set forth below, nothing in Plaintiff's Objection demonstrates that the Magistrate Judge erred in ruling on the Defendants' Motions to Dismiss. Accordingly, the Court should accept the Report and Recommendation.

**PROCEDURAL HISTORY**

  Plaintiff filed an 8-count, 47-page, 354-paragraph Complaint on May 20, 2019. (Doc. No. 1). On July 30, 2019, Defendants First Data Corporation, Frank Bisignano, Robin Ording, Saul Ewing Arnstein & Lehr LLP, and Gillian Cooper moved, pursuant to Fed. R. Civ. P. 12(b)(6) and 56, to dismiss the Complaint or in the alternative for summary judgment as to all counts. (Doc. Nos. 19 & 22). Defendants Jackson Lewis P.C. and Matthew Byrne, Esquire filed a separate motion to dismiss. (Doc. No. 17). After the motions were fully briefed, Magistrate Judge Bowman issued a Report and Recommendation on January 27, 2020 (the "R&R"), recommending that only Count II against Defendant First Data for its alleged failure to

accommodate Plaintiff under the Americans with Disabilities Act (ADA) and Ohio Civil Rights Act (OCRA) should survive the motions. (Doc. No. 35). The R&R recommended that all of the other causes of action against Defendants First Data, Frank Bisignano, Robin Ording, Saul Ewing Arnstein & Lehr LLP, Gillian Cooper, Esquire, Jackson Lewis P.C., and Matthew Byrne, Esquire, be dismissed or that summary judgment be granted as to Count VIII.

Plaintiff filed her Objection on March 6, 2020. (Doc. No. 42). Defendants interpret Plaintiff's Objection to constitute a Rule 72(b) objection per the R&R. (Doc. No. 35, PageID 595).

## LEGAL STANDARD

For dispositive rulings like the Defendants' motions, the district judge conducts a de-novo review of the magistrate judge's recommendation as to "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review of the objection(s), the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Hobbs v. Faulkner*, 2020 WL 772328, at *2 (S.D. Ohio Feb. 18, 2020) (quoting Fed. R. Civ. P. 72(b)(3)).

Here, Plaintiff makes no objection to Magistrate Judge Bowman's R&R as to the dismissal of Counts I, III, VI, VII and VIII. Further, no party has objected to the Magistrate Judge's recommendation as to Count II under the ADA against First Data. Therefore, the only issue for the Court is Plaintiff's objection to the proposed dismissal of Counts IV and V against First Data for retaliation. As more fully set forth below, the Objection fails to state specific, written objections to challenge the R&R's recommendations as to Count IV and V. Therefore, Plaintiff's objections as to those two counts should be denied.

**ARGUMENT**

    **A.**    **Plaintiff Agrees That Counts I, III, VI, VII, and VIII Should Be Dismissed**

Plaintiff "respects and accepts" the R&R with respect to dismissing Counts I, III, VI, VII, and VIII. (Objection, Doc. No. 42 at PageID 607, 617-618). Because there are no objections to those recommendations, the Court should dismiss Counts I, III, VI, VII, and VIII with prejudice.

    **B.**    **Plaintiff's Arguments Regarding Count II Are Irrelevant**

For some inexplicable reason, Plaintiff expends eleven pages in the Objection arguing that Count II <u>should not</u> be dismissed, even though she does not cite to any allegations from her Complaint to support her arguments. Regardless, the R&R recommended that First Data's motion to dismiss Count II <u>be denied</u> because Plaintiff alleged sufficient facts to support the claim for purposes of Rule 12(b)(6). Defendant has not objected to the R&R with respect to Count II, but reserves the right to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56 as to Count II in accordance with the anticipated scheduling order. The Court can simply ignore Plaintiff's arguments as to Count II.

    **C.**    **Plaintiff's Objections as to the Dismissal of the Retaliation Claims in Counts IV and V Should be Denied**

Plaintiff alleged in Counts IV and V of the Complaint that Defendants scheduled her deposition in the *Barger v. First Data Corporation et al.* litigation in New York in retaliation for her filing of an EEOC charge against First Data. (Complaint at ¶¶ 284-300, Doc No. 1, PageID 37-39). Magistrate Judge Bowman recommended that Counts IV and V be dismissed against all Defendants for three reasons: (i) issuing a subpoena for a deposition "is not the type of adverse employment action that can sustain a retaliation claim" (R&R, Doc. No. 35, PageID 570); (ii) there was no temporal proximity between the alleged protected activity (filing an EEOC charge) and alleged adverse action (the deposition) because First Data had listed Plaintiff as a potential

fact witness in the *Barger* litigation "long before she engaged in any protected activity" (R&R, Doc. No. 35, PageID 590); and (iii) "the Court compelled Plaintiff to attend her deposition and denied Plaintiff's motion for protective order and for sanctions." (R&R, Doc. No. 35, PageID 590).[1] Plaintiff does not object to any of these findings by the Magistrate Judge as to Counts IV and V.

Instead, Plaintiff comes forward with a new theory of liability and irrelevant facts in an attempt to stave off dismissal of her retaliation claims. She argues that First Data somehow retaliated by sending her a letter after she resigned to remind her of her post-employment contractual obligations. Specifically, Plaintiff complains that she received a letter stating "the company reserves the right to pursue all of its legal rights against you, including suing you for judgment relief and monetary damages" in the event she breached her post-employment contractual obligations. (Objection, Doc. 42, PageID 617-618). This letter, she asserts, constitutes unlawful retaliation because she claims First Data threatened to sue her over a "fictitious" non-compete agreement. This argument is her sole reason to reject the R&R regarding Counts IV and V.

Plaintiff's argument is not proper because it does not consist of "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In fact, Plaintiff's argument fails to respond in any way to the findings of the R&R. Nor does it even relate to her allegations in Counts IV or V of the Complaint. Mailing a letter to a former employee reminding them of their contractual restrictive covenant obligations is not a materially adverse employment action under the ADA or OCRA. There is no basis to claim that First Data

---

[1] The Magistrate Judge also recommended that the retaliation claims be dismissed against the law firms and lawyers because none of them were her "employer" under any of the governing statutes.

sending her this letter after she was terminated can possibly be retaliation, nor is there any reference to protected activity.

## CONCLUSION

Plaintiff has failed to raise any objections under Rule 72(b)(3) that provide any basis for the Court to reject the Magistrate Judge's R&R as to Counts IV and V of the Complaint. Accordingly, her arguments as to the dismissal of Counts IV and V should be rejected. For the above reasons, the Court should accept the R&R and dismiss Counts I, III, IV, V, VI, VII, and VIII of the Complaint with prejudice.

Respectfully submitted,

*/s/ Laura E. Salzman*
Laura E. Salzman (0095304)
Roetzel & Andress, LPA
625 Eden Park Drive, Suite 450
Cincinnati, OH 45202
Telephone: (513) 361-0200
Facsimile: (513) 361-0335
Email: lsalzman@ralaw.com

Gary B. Eidelman, Esq. (*pro hac vice*)
Michael P. Cianfichi, Esq. (*pro hac vice*)
Saul Ewing Arnstein & Lehr LLP
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 332-8975
Facsimile: (410) 332-8976
gary.eidelman@saul.com
michael.cianfichi@saul.com

*Attorneys for Defendants, First Data Corporation, Frank Bisignano, Robin Ording, Saul Ewing Arnstein & Lehr LLP, and Gillian Cooper*

Dated: March 19, 2020

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 19, 2020, the foregoing was electronically filed with the Court's CM/ECF system and the system will send electronic notification to all counsel of record via the Court's electronic filing system.

                                                           */s/ Laura E. Salzman*
                                                           Laura E. Salzman

14857553_1 141099.0001