**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JULIE KELLY, | Civil Case No. 1:19-cv-00372 |
| Plaintiff, | District Judge Douglas R. Cole<br>Magistrate Judge Stephanie Bowman |
| v. | |
| FIRST DATA CORPORATION, *et al.*, | **DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |
| Defendants. | |

Defendant First Data Corporation ("Defendant"), by its undersigned counsel, pursuant to Rule 8 of the Federal Rules of Civil Procedure, answers the Complaint filed by Plaintiff Julie Kelly ("Plaintiff") and states as follows:

1.      Defendant admits the Complaint purports to invoke the Americans with Disabilities Act, 42 U.S.C. §12101 et seq, ("ADA") as set forth in Paragraph 1 of the Complaint, but denies that it is liable to Plaintiff under the ADA or that she is entitled to any relief whatsoever. The remaining claims have been dismissed so no response is required.

<u>RELATED EEOC PROCEEDINGS</u>

2.      Defendant admits the allegations of Paragraph 2 of the Complaint, but denies that it is liable to Plaintiff under the ADA or that she is entitled to any relief whatsoever. The remaining claims have been dismissed so no response is required.

3.      The allegations set forth in Paragraph 3 of the Complaint regarding the supplementation of charge of discrimination under the ADA refer to a document, the contents of which speak for itself. To the extent a further response is required, the allegations are denied. The remaining claims have been dismissed so no response is required.

4.     The allegations set forth in Paragraph 4 of the Complaint refer to a document, the contents of which speak for itself. To the extent a further response is required, the allegations are denied.

5.     The allegations set forth in Paragraph 5 of the Complaint refer to a document, the contents of which speak for itself. To the extent a further response is required, the allegations are denied.

6.     The allegations set forth in Paragraph 6 of the Complaint refer to a document, the contents of which speak for itself. To the extent a further response is required, the allegations are denied.

7.     The allegations set forth in Paragraph 7 of the Complaint refer to a document, the contents of which speak for itself. To the extent a further response is required, the allegations are denied.

8.     The allegations set forth in Paragraph 8 of the Complaint refer to a document, the contents of which speak for itself. To the extent a further response is required, the allegations are denied.

9.     The allegations set forth in Paragraph 9 of the Complaint refer to documents, the contents of which speak for themselves. To the extent a further response is required, the allegations are denied. To the extent the allegations and exhibits refer to claims other than Defendant's alleged failure to accommodate, those remaining claims have been dismissed so no response is required.

10.     Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

37201236.1

15346004 _1

11.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Complaint. To the extent a further response is required, the allegations are denied.

12.     The allegations set forth in Paragraph 12 of the Complaint refer to a document, the contents of which speak for itself. To the extent a further response is required, the allegations are denied.

PARTIES

13.     Defendant admits the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15–22. The defendants identified in Paragraphs 15 - 22 of the Complaint have been dismissed and are no longer parties so no response is required.

JURISDICTION AND VENUE

23.     The cause of action based on the FMLA identified in Paragraph 23 of the Complaint has been dismissed so no response is required.

24.     Defendant admits that Paragraph 24 of the Complaint purports to invoke the ADA, but denies that it is liable to Plaintiff under the ADA or that she is entitled to any relief whatsoever.

25.     The cause of action based on Title VII identified in Paragraph 25 of the Complaint has been dismissed so no response is required.

26.     The cause of action based on the FMLA identified in Paragraph 26 of the Complaint has been dismissed so no response is required.

27.     Defendant admits that Paragraph 27 of the Complaint purports to invoke the Court's jurisdiction under the ADA, but denies that it is liable to Plaintiff under the ADA or that

3

she is entitled to any relief whatsoever. The remaining claims based on the FMLA, Title VII and the PDA have been dismissed so no response is required.

28.     The causes of action based on the Ohio Civil Rights Act identified in Paragraph 28 of the Complaint have been dismissed so no response is required.

29.     The causes of action based on Ohio common law identified in Paragraph 29 of the Complaint have been dismissed so no response is required.

30.     The causes of action based on Ohio common law identified in Paragraph 30 of the Complaint have been dismissed so no response is required.

31.     Defendant admits the allegations set forth in Paragraph 31 of the Complaint.

32.     The defendants identified in Paragraph 22 of the Complaint have been dismissed so no response is required.

33.     Defendant admits the allegations set forth in Paragraph 33 of the Complaint.

34-35.  The defendants identified in Paragraphs 34-35 of the Complaint have been dismissed so no response is required.

36.     Defendant admits that Paragraph 36 of the Complaint purports to invoke the venue of this Court for Plaintiff's failure to accommodate claim pursuant to the statutory authority set forth in Paragraph 36 of the Complaint, but denies that the acts alleged in the Complaint subject it to liability or that Plaintiff is entitled to any relief whatsoever. By way of further response, to the extent that the allegations regarding venue refer to claims other than Defendant's alleged failure to accommodate, those remaining claims have been dismissed so no response is required.

37201236.1

15346004 _1

GENERAL ALLEGATIONS

37. Defendant admits that its records reflect that Kelly was born on November 7, 1977, but denies the remaining allegations set forth in Paragraph 37 of the Complaint.

38. Defendant is without knowledge or information sufficient to form a belief as to the allegation "her entire adult life." To the extent a further response, the allegation is denied. Defendant admits the remaining allegations set forth in Paragraph 38 of the Complaint.

39. Defendant admits the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant admits from 2013 through March 15, 2017, Plaintiff's job title was Manager Training and from March 16, 2017 through November 30, 2017, Plaintiff's job title was Director Training. Defendant denies the remaining allegations set forth in Paragraph 40 of the Complaint.

41. Defendant admits Plaintiff reported to Fricke from December 1, 2013 through August 21, 2014. Defendant denies the remaining allegations set forth in Paragraph 41 of the Complaint.

42. Defendant admits the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant admits the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies that Plaintiff's job title was Instructional Design & Development Manager in April 2005. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 44 of the Complaint. To the extent a further response is required, the allegations are denied.

45. Defendant denies that Plaintiff's job title was Instructional Design & Development Manager in April 2005. Defendant is without knowledge or information sufficient

37201236.1

15346004 _1

to form a belief as to the remaining allegations set forth in Paragraph 45 of the Complaint. To the extent a further response is required, the allegations are denied.

46. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 46 of the Complaint. To the extent a further response is required, the allegations are denied.

47. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 47 of the Complaint. To the extent a further response is required, the allegations are denied.

48. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 48 of the Complaint. To the extent a further response is required, the allegations are denied.

49. Defendant admits that Plaintiff returned to work after taking leave for her pregnancy, but is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 49 of the Complaint. To the extent a further response is required, the allegations are denied.

50. Defendant admits the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 51 of the Complaint. To the extent a further response is required, the allegations are denied.

52. Defendant denies that Frank Bisignano is a defendant but admits the remaining allegations set forth in Paragraph 52 of the Complaint.

6

53.      Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 53 of the Complaint. To the extent a further response is required, the allegations are denied.

54.      Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55.      Defendant admits that Plaintiff reported to Karen Whalen in November 2013, but denies the remaining allegations set forth in Paragraph 55 of the Complaint.

56.      Defendant admits Fricke was Head of Sales Transformation beginning December 2013 and that he reported to Joe Plumeri, but denies the remaining allegations set forth in Paragraph 56 of the Complaint.

57.      Defendant admits the allegations set forth in Paragraph 57 of the Complaint.

58.      Defendant admits that Kelly's position required travel, but is without information or knowledge sufficient to form a belief as to the remaining allegations set forth in Paragraph 58 of the Complaint. To the extent a further response is required, those allegations are denied.

59.      Defendant admits the allegations set forth in Paragraph 59 of the Complaint.

60.      Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61.      Defendant admits Barger was hired on June 30, 2014, in an SVP role with the title Head of Sales Transformation, but denies the remaining allegations set forth in Paragraph 61 of the Complaint.

62.      Defendant admits the allegations set forth in Paragraph 62 of the Complaint.

63.      Defendant admits that Plaintiff was pregnant and the her OB-GYN furnished Defendant with a note requesting the Plaintiff have a "limitation and minimized travel" and that she would "prefer" no travel due to her C-section and myomectomy, but denies the remaining allegations set forth in Paragraph 63 of the Complaint.

7

64.     Defendant admits Plaintiff requested an accommodation of working from home and no travel in October 2014, but is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 64 of the Complaint. To the extent a further response is required, the allegations are denied.

65.     Defendant admits Plaintiff's request for an accommodation in October 2014 was approved, but denies the remaining allegations set forth in Paragraph 65 of the Complaint.

66.     Defendant admits Plaintiff received a positive performance evaluation for 2014, but is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 66 of the Complaint. To the extent a further response is required, the allegations are denied.

67.     Defendant admits its work from home policy changed in 2015, but denies the remaining allegations set forth in Paragraph 67 of the Complaint.

68.     Defendant admits that the work from home policy applied to employees who previously had been working remotely and that Plaintiff had been working remotely prior to the change in the work from home policy, but Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 68 of the Complaint. To the extent a further response is required, those allegations are denied.

69.     Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendant admits that Plaintiff was scheduled to give birth on or around February 20, 2015, but is without knowledge or information sufficient to form a belief as to the

8

remaining allegations set forth in Paragraph 72 of the Complaint. To the extent a further response is required, the allegations are denied.

73.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 73 of the Complaint. To the extent a further response is required, the allegations are denied.

74.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 74 of the Complaint. To the extent a further response is required, the allegations are denied.

75.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 75 of the Complaint. To the extent a further response is required, the allegations are denied.

76.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 76 of the Complaint. To the extent a further response is required, the allegations are denied.

77.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 77 of the Complaint. To the extent a further response is required, the allegations are denied.

78.     Defendant admits that Kelly was released to return to work on April 20, 2015, but is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 78 of the Complaint. To the extent a further response is required, the allegations are denied.

79.     Defendant admits the allegations set forth in Paragraph 79 of the Complaint.

37201236.1

15346004 _1

80.     Defendant admits there was a change implemented to its work from home policy in 2015, but denies the remaining allegations set forth in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

82.     Defendant admits no other employees from Plaintiff's team were located at the Cincinnati office, but is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 82 of the Complaint. To the extent a further response is required, the allegations are denied.

83.     The allegations in the first and second sentences of Paragraph 83 of the Complaint refer to a document, the contents of which speak for itself. To the extent a further response is required, the allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 83 of the Complaint. To the extent a further response is required, the allegations are denied.

84.     The allegations set forth in Paragraph 84 of the Complaint refer to a document, the contents of which speak for itself. To the extent a further response is required, the allegations are denied.

85.     The allegations set forth in the first sentence of Paragraph 85 of the Complaint regarding an interactive process state a legal conclusion for which no response is required. To the extent a further response is required, the allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 85 of the Complaint. To the extent a further response is required, the allegations are denied.

86.     The allegations set forth in Paragraph 86 of the Complaint regarding an accommodation state a legal conclusion for which no response is required. To the extent a further response is required, the allegations are denied. Defendant is without knowledge or information

10

sufficient to form a belief as to the remaining allegations set forth in Paragraph 86 of the Complaint. To the extent a further response is required, the allegations are denied.

87. The allegations set forth in Paragraph 87 of the Complaint regarding an accommodation state a legal conclusion for which no response is required. To the extent a further response is required, the allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 87 of the Complaint. To the extent a further response is required, the allegations are denied.

88. The allegations set forth in Paragraph 88 of the Complaint regarding the essential functions of Plaintiff's job state a legal conclusion for which no response is required. To the extent a further response is required, the allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 88 of the Complaint. To the extent a further response is required, the allegations are denied.

89. Defendant admits Plaintiff continued to report to Barger, but is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 89 of the Complaint. To the extent a further response is required, the allegations are denied.

90. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 90 of the Complaint. To the extent a further response is required, the allegations are denied.

91. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 91 of the Complaint. To the extent a further response is required, the allegations are denied.

11

92.     Defendant admits that in November 2016, First Data announced Robin Ording as the interim leader of the Sales Training Group, but denies the remaining allegations set forth in Paragraph 92 of the Complaint.

93.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 93 of the Complaint. To the extent a further response is required, the allegations are denied.

94.     Defendant admits that First Data announced Ording as the permanent leader of the sales training group in or around January of 2017, but denies the remaining allegations set forth in Paragraph 94 of the Complaint.

95.     Defendant is without knowledge or information sufficient to form a belief as to the allegations regarding what Plaintiff learned from Barger. To the extent a further response is required, the allegations are denied. Defendant denies the remaining allegations set forth in Paragraph 95 of the Complaint.

96.     Defendant admits that Ording enforced First Data's policies, but denies the remaining allegations set forth in Paragraph 96 of the Complaint.

97.     Defendant denies the allegations set forth in Paragraph 97 of the Complaint.

98.     Defendant denies the allegations set forth in Paragraph 98 of the Complaint.

99.     Defendant denies the allegations set forth in Paragraph 99 of the Complaint.

100.    Defendant denies the remaining allegations set forth in Paragraph 100 of the Complaint.

101.    Defendant admits the allegations set forth in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations set forth in Paragraph 102 of the Complaint.

103.     Defendant admits that Plaintiff was not terminated and that she assisted Ording by gathering some information. Defendant denies the remaining allegations set forth in Paragraph 103 of the Complaint.

104.     Defendant denies the allegations set forth in Paragraph 104 of the Complaint..

105.     Defendant denies the allegations set forth in Paragraph 105 of the Complaint.

106.     Defendant admits that Ording enforced First Data's policies, but denies the remaining allegations set forth in Paragraph 106 of the Complaint.

107.     Defendant denies the allegations set forth in Paragraph 107 of the Complaint.

108.     Defendant denies the allegations set forth in Paragraph 108 of the Complaint.

109.     Defendant admits that Plaintiff was required to work in the Cincinnati office per First Data policy, but denies the remaining allegations set forth in Paragraph 109 of the Complaint.

110.     Defendant admits the allegations in Paragraph 110 of the Complaint.

111.     Defendant denies the allegations set forth in Paragraph 111 of the Complaint.

112.     Defendant denies the allegations set forth in Paragraph 112 of the Complaint.

113.     Defendant admits the allegations set forth in Paragraph 113 of the Complaint.

114.     Defendant admits the allegations set forth in Paragraph 114 of the Complaint.

115.     Defendant denies the allegations set forth in Paragraph 115 of the Complaint.

116.     Defendant admits that Ording enforced First Data's policy, but denies the remaining allegations set forth in Paragraph 116 of the Complaint.

117.     Defendant admits the allegations set forth in Paragraph 117 of the Complaint.

118.     Defendant denies the allegations set forth in Paragraph 118 of the Complaint.

119.     Defendant denies the allegation that Ording presented work as her own, but admits the remaining allegations set forth in Paragraph 119 of the Complaint.

120.     Defendant denies the allegations set forth in Paragraph 120 of the Complaint.

121.     Defendant denies the allegations set forth in Paragraph 121 of the Complaint.

122.     Defendant denies the allegations set forth in Paragraph 122 of the Complaint.

123.     Defendant denies the allegations set forth in Paragraph 123 of the Complaint.

124.     Defendant denies the allegations set forth in Paragraph 124 of the Complaint.

125.     Defendant admits on March 16, 2017, Ording promoted Plaintiff to Director Training and her salary increased to $107,500. Defendant denies the remaining allegations set forth in Paragraph 125 of the Complaint.

126.     Defendant denies the allegations set forth in Paragraph 126 of the Complaint.

127.     Defendant admits the allegations set forth in Paragraph 127 of the Complaint.

128.     Defendant denies the allegations set forth in Paragraph 128 of the Complaint.

129.     Defendant denies the allegations set forth in Paragraph 129 of the Complaint.

130.     Defendant denies the allegations set forth in Paragraph 130 of the Complaint.

131.     Defendant denies the allegations set forth in Paragraph 131 of the Complaint.

132.     Defendant denies the allegations set forth in Paragraph 132 of the Complaint.

133.     Defendant denies the allegations set forth in Paragraph 133 of the Complaint.

134.     Defendant denies the allegations set forth in Paragraph 134 of the Complaint.

135.     The allegations set forth in Paragraph 135 of the Complaint regarding the essential functions of Plaintiff's job state a legal conclusion for which no response is required. To the extent a further response is required, the allegations are denied.  Defendant denies the remaining allegations set forth in Paragraph 135 of the Complaint.

14

136.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 136 of the Complaint. To the extent a further response is required, the allegations are denied.

137.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 137 of the Complaint. To the extent a further response is required, the allegations are denied.

138.    Defendant denies the allegations set forth in Paragraph 138 of the Complaint.

139.    Defendant denies the allegations set forth in Paragraph 139 of the Complaint.

140.    Defendant denies the allegations set forth in Paragraph 140 of the Complaint.

141.    Defendant admits that sometime on October 5, 2017, Plaintiff notified Ording that she was ill and was going to the emergency room and that Ording agreed to cover a training that Plaintiff was supposed to conduct. Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations set forth in Paragraph 141 of the Complaint. To the extent a further response is required, the allegations are denied.

142.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 142 of the Complaint. To the extent a further response is required, those allegations are denied.

143.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 143 of the Complaint. To the extent a further response is required, those allegations are denied.

144.    Defendant admits that Ording was aware that Plaintiff told her that she was going to the emergency room, but denies the remaining allegations set forth in Paragraph 144 of the Complaint.

15

145-146.     The allegations set forth in Paragraph 145-146 of the Complaint refer to a claim or claims that have been dismissed so no response is required.

147.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 147 of the Complaint. To the extent a further response is required, those allegations are denied.

148.     Defendant admits that on or about November 6, 2017, Plaintiff spoke with Ording by telephone at which time Plaintiff notified Ording of her intent to resign because of her children's health conditions. Defendant denies the second sentence of Paragraph 148. Defendant further admits that during this conversation, Ording responded with words to the effect, "nothing is more important than family," and that Plaintiff and Ording discussed Plaintiff's transition. Defendant denies that Ording stated that she would talk to Marino "to see what First Data could do." Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 148 of the Complaint. To the extent a further response is required, those allegations are denied.

149.     Defendant denies the allegations set forth in Paragraph 149 of the Complaint.

150.     The allegations set forth in Paragraph 150 of the Complaint refer to a document, the contents of which speak for itself. To the extent a further response is required, the allegations are denied.

151.     The allegations set forth in Paragraph 151 of the Complaint refer to a document, the contents of which speak for itself. To the extent a further response is required, the allegations are denied.

37201236.1

15346004 _1

152.     The allegations set forth in Paragraph 152 of the Complaint refer to a document, the contents of which speak for itself. To the extent a further response is required, the allegations are denied.

153.     Defendant denies the allegations set forth in Paragraph 153 of the Complaint.

154.     Defendant denies the allegations set forth in Paragraph 154 of the Complaint.

155.     Defendant admits the allegations set forth in Paragraph 155 of the Complaint.

156.     Defendant admits the allegations of the first three sentences of Paragraph 156 of the Complaint, but denies the remaining allegations set forth in Paragraph 156 of the Complaint.

157.     Defendant denies the allegations set forth in Paragraph 157 of the Complaint.

<u>GENERAL ALLEGATIONS</u>

158.     The allegations set forth in Paragraph 158 of the Complaint refer to a claim or claims that have been dismissed so no response is required.

159.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 159 of the Complaint. To the extent a further response is required, those allegations are denied.

160-171.     The allegations set forth in Paragraphs 160-171 of the Complaint refer to a claim or claims that have been dismissed so no response is required.

172.     Defendant admits the allegations set forth in Paragraph 172 of the Complaint.

173-194.     The allegations set forth in Paragraphs 173-194 of the Complaint refer to a claim or claims that have been dismissed so no response is required.

195.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 195 of the Complaint. To the extent a further response is required, the allegations are denied.

37201236.1

15346004 _1

196-215.     The allegations set forth in Paragraphs 196-215 of the Complaint refer to a claim or claims that have been dismissed so no response is required.

216.     The allegations set forth in Paragraph 216 of the Complaint refer to defendants who have been dismissed so no response is required.

217-228.     The allegations set forth in Paragraphs 217-228 of the Complaint refer to a claim or claims that have been dismissed so no response is required.

<u>COUNT I: FMLA</u>

229-257.     The allegations set forth in Paragraphs 229-257 of the Complaint refer to a claim or claims that have been dismissed so no response is required.

<u>COUNT II: ADA</u>

258.     Defendant incorporates its response to the allegations forth in Paragraphs 1-228 of the Complaint as if fully set forth herein.

259.     Defendant admits the allegation set forth in Paragraph 259 of the Complaint, but denies that it is liable to the Plaintiff under the ADA or that she is entitled to any relief.

260.     Defendant admits the allegations set forth in Paragraph 260 of the Complaint.

261.     Defendant admits the allegations set forth in Paragraph 261 of the Complaint.

262.     The allegations set forth in Paragraph 262 of the Complaint state a legal conclusion to which no response is required. To the extent a further response is required, the allegations are denied

263.     The allegations set forth in Paragraph 263 of the Complaint state a legal conclusion to which no response is required. To the extent a further response is required, the allegations are denied

264.     Defendant denies the allegations set forth in Paragraph 264 of the Complaint.

18

265.     Defendant admits that Plaintiff had been allowed by the company and former supervisors to work remotely, but denies the remaining allegations set forth in Paragraph 265 of the Complaint.

266.     Defendant admits that Plaintiff had been allowed by the company and former supervisors to work remotely, but is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 266 of the Complaint. To the extent a further response is required, the allegations are denied.

267.     Defendant denies the allegations set forth in Paragraph 267 of the Complaint as of the date Plaintiff filed her Complaint and during the relevant time periods of Plaintiff's allegations.

268.     Defendant denies the allegations set forth in Paragraph 268 of the Complaint.

269.     Defendant denies the allegations set forth in Paragraph 269 of the Complaint.

270.     Defendant denies the allegations set forth in Paragraph 270 of the Complaint.

271.     Defendant denies the allegations set forth in Paragraph 271 of the Complaint.

272.     Defendant denies the allegations set forth in Paragraph 272 of the Complaint.

273.     Defendant denies the allegations set forth in Paragraph 273 of the Complaint.

274.     Defendant denies the allegations set forth in Paragraph 274 of the Complaint.

275.     Defendant denies the allegations set forth in Paragraph 275 of the Complaint.

276.     The allegations set forth in Paragraph 276 state a legal conclusion to which no response is required. To the extent a further response is required, the allegations are denied.

277.     Defendant denies the allegations set forth in Paragraph 277 of the Complaint.

278.     Defendant denies the allegations set forth in Paragraph 278 of the Complaint.

37201236.1

15346004 _1

### COUNT III: TITLE VII & PDA

279-283.	The allegations set forth in Paragraphs 279-283 of the Complaint refer to a claim or claims that have been dismissed so no response is required.

### COUNT IV: RETALIATION

284-294.	The allegations set forth in Paragraphs 284-294 of the Complaint refer to a claim or claims that have been dismissed so no response is required.

### COUNT V: OCRA

295-300.	The allegations set forth in Paragraphs 295-300 of the Complaint refer to a claim or claims that have been dismissed so no response is required.

### COUNT VI: CONSTRUCTIVE DISCHARGE

301-304.	The allegations set forth in Paragraphs 301-304 of the Complaint refer to a claim or claims that have been dismissed so no response is required.

### COUNT VII: IIED

305-328.	The allegations set forth in Paragraphs 305-328 of the Complaint refer to a claim or claims that have been dismissed so no response is required.

### COUNT VIII: INVASION OF PRIVACY

329-354.	The allegations set forth in Paragraphs 329-354 of the Complaint refer to a claim or claims that have been dismissed so no response is required.

Answering Plaintiff's *ad damnum,* Defendant denies that Plaintiff is entitled to any of the relief sought in paragraphs (i)-(xi) or that she is otherwise entitled to any relief whatsoever.

37201236.1

15346004_1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted under the ADA because she did not suffer from a disability that required the accommodation she claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim under the ADA because she failed to engage in an interactive process.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's ADA claim is barred by the statute of limitations because she did not file her charge of discrimination within 300 days of the alleged discriminatory act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages, such damages were proximately caused by her own conduct, barring her claims against Defendant

### SIXTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in good faith at all times relevant to the allegations of the remaining claim in the Complaint and there is no basis for punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney's fees because she is proceeding *pro se.*

### EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts its right to the "empty chair" defense pursuant to R.C. 2307.23.

21

37201236.1

15346004 _1

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves its right to amend this Answer and add any additional defenses as may become available or apparent through discovery in this action.

Dated: July 14, 2020                    Respectfully submitted,

*/s/ Laura E. Salzman*
Laura E. Salzman (0095304)
Roetzel & Andress, LPA
250 East Fifth Street, Suite 310
Cincinnati, OH 45202
Telephone: (513) 361-0200
Facsimile: (513) 361-0335
Email: lsalzman@ralaw.com

Gary B. Eidelman, Esq. (*pro hac vice*)
Michael P. Cianfichi, Esq. (*pro hac vice*)
Saul Ewing Arnstein & Lehr LLP
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 332-8975
Facsimile: (410) 332-8976
gary.eidelman@saul.com
michael.cianfichi@saul.com

*Counsel for Defendant First Data Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2020, the foregoing Answer and Affirmative Defenses was electronically filed with the Court's CM/ECF system and the system will send electronic notification to all parties and counsel of record via the Court's electronic filing system and I further certify that the foregoing Answer and Affirmative Defenses was served on Plaintiff Julie Kelly by electronic mail.

*/s/ Laura E. Salzman*
Laura E. Salzman

22