IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JULIE KELLY, | Civil Case No. 1:19-cv-00372 |
| Plaintiff, | District Judge Douglas R. Cole<br>Magistrate Judge Stephanie Bowman |
| v. | |
| FIRST DATA CORPORATION, | |
| Defendant. | |

**DEFENDANT FIRST DATA CORPORATION'S MOTION
TO ORDER ITS FIRST SET OF REQUESTS FOR ADMISSION ADMITTED
AND TO STAY REMAINING DEADLINES**

Defendant, First Data Corporation ("First Data"), by and through its undersigned counsel, moves for an order declaring that its First Set of Requests for Admission directed to Plaintiff Julie Kelly ("Kelly") are deemed "admitted" because Kelly has repeatedly failed to admit, deny, object or otherwise respond to First Data's Requests for Admission pursuant to Fed. R. Civ. P. 36. In support of this Motion, First Data states as follows:

1. Following the Court's Opinion and Order granting First Data's Motion to Dismiss, in part (Dkt. # 48), the sole remaining claim in this case is the alleged failure of First Data to accommodate Kelly's alleged disability under the Americans with Disabilities Act ("ADA") as pled in Count II of her Complaint.

2. On October 28, 2020, Defendant First Data served its First Set of Requests for Admission (the "Requests for Admission") by electronic and first class mail. A copy of the email and the accompanying Requests for Admission is attached as Exhibit A.

1

3. Kelly's written responses or objections to the Requests for Admission were due within 30 days. By the deadline of November 27, 2020, Kelly had not responded to the Requests for Admission within the deadlines imposed by the Federal Rules of Civil Procedure, nor did she request an extension of time.

4. On January 4, 2021 (weeks after they were due), First Data followed up with Kelly regarding the Requests for Admission by sending her an email (which attached another copy of the Requests for Admission) that stated:

> Per the email below from October 28, your responses were due within 30 days of service. This email is to confirm that we did not receive a response.

A copy of the January 4, 2021 email correspondence is attached as Exhibit B.

5. Despite this courtesy reminder which First Data was not obligated to provide under the rules, Kelly again ignored the Requests for Admission. First Data believes that Kelly has chosen to ignore the admissions because she would otherwise be required to admit them.

6. Under Fed. R. Civ. P. 36, "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." Fed. R. Civ. P. 36(a)(3). Any matter "admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

7. When a party does not respond, requests for admission are deemed "admitted" under the Federal Rules of Civil Procedure. *See Price v. Total Bldg. Serv., Inc.*, 100 F.3d 957 (6th Cir. 1996) (plaintiff's failure to respond to admissions makes them "deemed admitted pursuant to Fed. R. Civ. P. 36 because the plaintiff failed to respond, object, or move to withdraw the request"). *See also, Jelsma v. Knox Cty., Tennessee*, 725 F. App'x 396, 398 (6th

Cir. 2018); *Whiteamire Clinic, P.A. Inc. v. Cartridge World N. Am., LLC.*, 2019 WL 4451378, at *2 (N.D. Ohio Sept. 17, 2019) (requests for admission that are not responded to are deemed admitted); *Adam v. Airway Mfg. Co.*, 2019 WL 6609257, at *1 (N.D. Ohio Dec. 5, 2019) (granting summary judgment because of the party's total failure to respond to requests for admissions under Rule 36).

8. Here, Plaintiff failed to serve a written answer or object to the Requests for Admission by November 27, 2020. Despite providing her with a second chance, she still has not answered or objected. While she has responded to certain communications with counsel, she also has failed to communicate about other subjects, such as the scheduling of her deposition.

9. As the docket reflects, Kelly is fully capable of filing motions. It is First Data's position that by her intentional inaction, Kelly has chosen to abandon pursuit of her case. Having failed to respond, the Requests for Admission should be deemed admitted by this Court. Since the Requests for Admission focus on the elements of Plaintiff's sole remaining ADA claim, by her admitting that she neither has a disability nor made any request for a reasonable accommodation, this matter will be ripe for First Data to file its motion for summary judgment, based in part on these admissions.

10. For these reasons, First Data requests that the Court order that the Requests for Admission are deemed "admitted" by Kelly pursuant to Fed. R. Civ. P. 30.

11. Per the Court's August 4, 2020 Calendar Order, the remaining deadlines are a discovery deadline on February 15, 2021 and a dispositive motion deadline on April 12, 2021. (Dkt. # 53). First Data further requests that while this Motion is pending, that the Court stay the remaining discovery and dispositive motion deadlines, in order to save First Data unnecessary

time, burden and legal expense. If this Motion is granted, First Data will move promptly for summary judgment.

        Respectfully submitted,

/s/ Laura E. Salzman
Gary B. Eidelman (*adm. pro hac vice*)
Michael P. Cianfichi (*adm. pro hac vice*)
Saul Ewing Arnstein & Lehr LLP
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 332-8975
Facsimile: (410) 332-8976
gary.eidelman@saul.com
michael.cianfichi@saul.com

Laura E. Salzman (0095304)
Roetzel & Andress, LPA
250 East Fifth Street, Suite 310
Cincinnati, OH 45202
Telephone: (513) 361-0200
Facsimile: (513) 361-0335
Email: lsalzman@ralaw.com

*Counsel for Defendant First Data Corporation*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on January 25, 2021, the foregoing Defendant First Data Corporation's Motion to Order its First Set of Requests for Admission Admitted was filed via ECF and served by electronic mail and USPS first class mail, on Plaintiff Julie Kelly, 823 Dorgene Lane, Cincinnati, Ohio 45244.

        *s/ Laura E. Salzman*
        Michael P. Cianfichi
        Laura E. Salzman