UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIE KELLY,

    Plaintiff,

v.

FIRST DATA CORPORATION, et al.,

    Defendants.

Case No: 1:19-cv-372

Cole, J.
Bowman, M.J.

**ORDER**

Plaintiff Julie Kelly, proceeding pro se, initiated this action on May 20, 2019 by filing a complaint against her former employer, First Data Corporation, and numerous additional parties. On June 30, 2020, the presiding district judge adopted a Report and Recommendation ("R&R") that recommended dismissing seven of Plaintiff's eight claims and all parties except for First Data. (Docs. 35, 48).

On January 25, 2021, First Data filed a motion seeking an Order to have certain Requests for Admission deemed to be admitted, as well as to stay pending deadlines. Plaintiff has failed to respond to Defendant's motion, which recites that Defendant served the unanswered Requests for Admission months ago, on October 28, 2020, and followed up on January 4, 2021 via an email to remind Plaintiff that no responses had been received. Defendant seeks relief under Rule 36(a)(3), Fed. R. Civ. P., which states that a matter is admitted if the party to whom the request is directed fails to respond within 30 days of being served. *But see U.S. v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (noting that the "failure to respond in a timely fashion does not require the

court automatically to deem all matters admitted" where answers to requests for admissions were filed three days beyond the 30-day period prescribed by Rule 36(a)(3)).

According to First Data, the effect of deeming the Requests admitted at this juncture will resolve all issues in dispute. (*See* Doc. 54 at 3, ¶9). Therefore, if the motion is granted, Defendant will promptly seek summary judgment.[1] However, even if Defendant's motion is granted and the requests are admitted, the Court has considerable discretion to withdraw or amend an admission under certain conditions. *See generally* Rule 36(b).

The undersigned's Standing Order states that the Court does not allow parties to file "motions relating to discovery" prior to contacting the chambers of the undersigned in order to engage in an informal discovery conference. *See* Fed. R. Civ. P. 37(a)(2); S.D. Ohio Civ. R. 37.1. It does not appear that Defendant contacted chambers prior to filing the instant motion. Nevertheless, the Defendant has now brought the issue to the Court's attention, and Plaintiff still has failed to respond either to the long-overdue Requests for Admission or to Defendant's motion. Plaintiff's failure to respond calls into question whether Plaintiff has abandoned her sole remaining claim.

Because Plaintiff is proceeding pro se, and because the motion reflects a form of discovery dispute that arguably should have been brought to the Court's attention without a motion, the undersigned will direct Plaintiff to respond to the motion and/or "show cause" why the requests should not be deemed to be admitted at this time. Accordingly, **IT IS ORDERED THAT:**

---

[1] Pursuant to the existing calendar order, discovery on Plaintiff's sole remaining ADA claim against First Data was to conclude on February 15, 2021, with dispositive motions to be filed not later than April 12, 2021. (Doc. 53).

1. Plaintiff shall file any response to Defendant's motion and shall **SHOW CAUSE** on or before **March 15, 2021** why the long-overdue requests for admission should not be deemed to be admitted under Rule 36(a)(3).

2. If Plaintiff files a response, Defendant shall have one week (7 days) to file a reply.  Following the submission of any response from Plaintiff and/or reply from Defendant, the undersigned will promptly rule on Defendant's pending motion;

3. Until such time as the Court rules on Defendant's motion to deem the requests admitted, the remaining deadlines in this case shall be stayed.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge
