**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JULIE KELLY,

          Plaintiff,

v.

FIRST DATA CORPORATION, et al.,

          Defendants.

Case No: 1:19-cv-372

Cole, J.
Bowman, M.J.

**OPINION AND ORDER**

Plaintiff Julie Kelly, proceeding pro se, initiated this action on May 20, 2019 by filing a complaint against her former employer and numerous additional parties. Currently before the undersigned is Defendant's motion to deem Requests for Admission to be admitted. Discovery-related orders are non-dispositive and as such, despite Defendant's representation that the admission of the requested facts will resolve the remaining factual disputes in the record, and thus will become the basis for a motion for summary judgment (*See* Doc. 54 at 3, ¶9)[1], the undersigned deems this to be a non-dispositive issue.

On June 30, 2020, the presiding district judge adopted a prior R&R and dismissed seven of Plaintiff's eight claims and all parties except for First Data Corporation. (Docs. 35, 48). The case appears to have proceeded through discovery largely without incident. Just prior to the conclusion of discovery on February 15, 2021, however, First Data filed a motion seeking an Order to have certain unanswered Requests for Admission deemed

---

[1] Pursuant to a calendar order, dispositive motions were to be filed not later than April 12, 2021. (Doc. 53). However, on March 2, 2021 the undersigned stayed the dispositive motion deadline to allow Plaintiff additional time to respond to Defendant's motion and this Court's "show cause" order. (Doc. 55). The Court has entered a new dispositive motion deadline by separate order filed herewith.

to be admitted, as well as to stay the remaining deadlines in this case. (Doc. 54). Defendant's motion recites that Defendant served the unanswered Requests for Admission many months ago, on October 28, 2020, and followed up on January 4, 2021 via an email to remind Plaintiff that no responses had been received. Defendant seeks relief under Rule 36(a)(3), Fed. R. Civ. P., which states that a matter is admitted if the party to whom the request is directed fails to respond within 30 days of being served.

When Plaintiff failed to file any timely response to the motion, the Court noted that "Plaintiff's utter failure to respond calls into question whether Plaintiff has abandoned her sole remaining claim." (Doc. 55 at 2, PageID 713). However, in part because Plaintiff proceeds pro se and in part because Defendant should have brought the dispute to the Court's attention informally prior to filing a motion, the Court entered a "show cause" order rather than immediately ruling on the motion. The Court's Order directed Plaintiff, in relevant part, to "file any response to Defendant's motion and … **SHOW CAUSE** on or before **March 15, 2021** why the long-overdue requests for admission should not be deemed to be admitted under Rule 36(a)(3)." (*Id*. at 2, PageID 714) (emphasis original). Plaintiff has now failed to file any response to this Court's "show cause" order.

Accordingly, **IT IS ORDERED THAT** Defendant's motion (Doc. 54) is **GRANTED** and its Requests for Admission are deemed **ADMITTED** at this time. Furthermore, the stay of pending deadlines is hereby lifted, with any dispositive motions in this case to be filed not later than **May 14, 2021**.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge