IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JULIE KELLY, | Civil Case No. 1:19-cv-00372 |
| Plaintiff, | District Judge Douglas R. Cole<br>Magistrate Judge Stephanie Bowman |
| v. | |
| FIRST DATA CORPORATION, | |
| Defendant. | |

**DEFENDANT FIRST DATA CORPORATION'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, First Data Corporation (First Data), by and through its undersigned counsel, moves for summary judgment under Fed. R. Civ. P. 56 as to Count II of Plaintiff Julie Kelly's (Kelly) Complaint brought under the Americans with Disabilities Act, the sole remaining cause of action. Kelly alleges that First Data discriminated against her under the ADA by failing to provide a reasonable accommodation. The undisputed facts demonstrate that during the relevant time period, Kelly did not suffer from a disability, Kelly never informed First Data she had a disability, Kelly never requested First Data to provide a reasonable accommodation due to a disability, and First Data never revoked or failed to provide an allegedly previously granted accommodation for a disability. Accordingly, Kelly has no facts to meet the essential elements of her ADA claim and First Data is entitled to judgement as a matter of law.

1. **PROCEDURAL HISTORY**

Following Kelly's voluntary resignation from First Data in November 2017, she filed a 354-paragraph, eight-count complaint on May 20, 2019, against First Data for employment-based discrimination on the basis of medical leave, disability, gender, pregnancy, retaliation and

1

constructive discharge, all under federal and state law. ECF No. 1. She also alleged a medley of tort claims for negligent and intentional infliction of emotional distress, eavesdropping, and invasion of privacy. *Id.* In addition to suing her former employer First Data, Kelly also brought these claims against individual employees at First Data, law firms that had previously represented First Data in unrelated actions, and individual attorneys at those law firms. *Id.* The various Defendants moved to dismiss the Complaint and all causes of action through their respective motions under Rule 12(b)(6). ECF Nos. 17, 19, 22.

On June 30, 2020, the Court dismissed every Defendant and every cause of action in Kelly's Complaint, except for her claim in Count II against First Data that it failed to accommodate her disability under the ADA. ECF No. 48. In Count II, Kelly alleges that First Data failed to grant her a disability accommodation request to work from home. ECF No. 1 at PAGEID ("p.") 35-36, ¶¶ 258-278. Specifically, Kelly alleges that in January 2017, Ording revoked a previously-granted disability accommodation for Kelly to work from home. *Id.* at pp. 13, 35, ¶¶ 100, 271.

Discovery began on the ADA claim and on October 28, 2020, First Data served its First Set of Requests for Admission ("RFA") by email and USPS first class mail on Kelly. Statement of Material Facts ("SOMF"), attached as <u>Exhibit 1</u>, ¶ 1. In accordance with Rule 36, Kelly's written responses or objections to the RFA were due within 30 days after service. Kelly did not answer or object to the RFA in 30 days, nor did she request an extension of time.

Over a month after the due date, First Data followed up with Kelly on January 4, 2021 to give her a second chance to respond to the RFA. SOMF, ¶ 2. Defendant's counsel emailed Kelly (attaching another copy of the RFA):

> Per the email below from October 28, your responses were due within 30 days of service. This email is to confirm that we did not receive a response.

SOMF, ¶ 3. Once again, Kelly did not answer or object to the RFA, and she also ignored First Data's attempts to schedule her deposition.

On January 25, 2021, three months after their service on Kelly, First Data filed a motion under Rule 36 asking the Court to deem the RFA as admitted. SOMF, ¶ 4. Kelly's response or opposition to First Data's motion was due on February 16, 2021, but she did not respond or oppose First Data's motion. SOMF, ¶ 5. On March 2, 2021, the Court issued an Order to Show Cause, ordering Kelly to respond by March 15, 2021, to the question as to "why the long-overdue requests for admission should not be deemed to be admitted under Rule 36(a)(3)." SOMF, ¶ 6. Kelly did not respond to the Order to Show Cause. SOMF, ¶ 7. On April 12, 2021, the Court ordered that the RFA have been admitted by Kelly. SOMF, ¶ 8.

2. **UNDISPUTED FACTS CONCERNING KELLY'S EMPLOYMENT**

On November 14, 2017, Kelly notified First Data of her voluntary resignation effective November 30, 2017. SOMF, ¶ 16, 19. From November 2016 until November 30, 2017, Robin Ording, Vice President of Talent Development for First Data, was Kelly's supervisor. SOMF, ¶ 9.

Following the birth of a child in March 2015, Kelly never requested a reasonable accommodation for a disability from First Data through the remainder of 2015 or in 2016 or 2017. SOMF, ¶ 10. Kelly did not suffer from any disability from March 2015 through 2017 that prevented her from driving to work at First Data's office. SOMF, ¶ 11. The reason Kelly wanted to work from home was not due to a disability or need for an accommodation, but instead was

because Kelly disliked the length of her commute to work and preferred to stay home with her children. SOMF, ¶ 12.

Once Ording became Kelly's supervisor in November 2016, Kelly never advised Ording that she had been previously granted an accommodation due to a disability. SOMF, ¶ 13. Had Kelly been granted an ongoing accommodation due to a disability, the Human Resources Department would have advised Ording of that accommodation. SOMF, ¶ 14. Kelly, however, never advised First Data that she suffered from a disability from March 2015 through 2017 by submitting a Workplace Adjustment Form. SOMF, ¶ 15.

When Kelly notified Ording of her voluntary resignation in November 2017, Kelly stated it was due to personal and family issues and her desire to spend more time with her family. SOMF, ¶ 17. Ording suggested that Kelly could instead request a leave of absence or temporarily work from home, which Kelly declined. SOMF, ¶ 18. Kelly's employment ended effective November 30, 2017. SOMF, ¶ 19.

3. **STANDARD OF REVIEW**

    3.1    **The Standard for Summary Judgment**

"Summary judgment is appropriate under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323. Once the movant carries its burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, 477 U.S. at 324.

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. It is not sufficient for the nonmoving party to merely "show that there is some metaphysical doubt as to the material facts." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Instead, the nonmoving party must show that "the evidence presents a sufficient disagreement to require submission to a jury." *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010) (citing *Anderson*, 477 U.S. at 252-52).

### 3.2 The Standard for Requests for Admission

Under Rule 36, "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." Fed. R. Civ. P. 36(a)(3). When a party does not respond, requests for admission are deemed "admitted" under the Federal Rules of Civil Procedure. *See Price v. Total Bldg. Serv., Inc.*, 100 F.3d 957 (6th Cir. 1996); s*ee also, Jelsma v. Knox Cty., Tennessee*, 725 F. App'x 396, 398 (6th Cir. 2018); *Whiteamire Clinic, P.A. Inc. v. Cartridge World N. Am., LLC.*, 2019 WL 4451378, at *2 (N.D. Ohio Sept. 17, 2019) (un-responded to requests for admission are deemed admitted).

Any matter "admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Goodson v. Brennan*, 688 F. App'x 372, 375-76 (6th Cir. 2017). A party's failure to respond to a request for admission under Rule 36 renders the matter "conclusively established" as a factual matter. Fed. R. Civ. P. 36; *see also Goodson*, 688 F. App'x at 376 (finding that, under Fed. R. Civ. P. 36 , "by never responding to [d]efendant's RFAs, or filing a motion for relief, [p]laintiff admitted and conclusively established as fact all statements therein[]"). "[C]onclusive admissions cannot be overcome at

-5-

the summary judgment stage by contradictory affidavit testimony or other evidence in the record." *Id.*

Here, not only are the RFAs conclusively established as a factual matter due to Kelly's failure to respond under Rule 36, but they are also admitted because the Court entered an Order deeming them admitted. SOMF, ¶ 8.

**4. ARGUMENT**

Kelly's entire case is based on her unfounded allegation that First Data either failed to grant her a disability accommodation to work from home or that it revoked an allegedly previously granted accommodation to work from home (Kelly has never been entirely clear on which it is). Regardless of her allegations, there is no dispute of fact that Kelly never requested an accommodation to work from home and that First Data never revoked any such accommodation under the ADA. With no facts to support her allegations, summary judgment should be entered.

To establish a *prima facie* case for failure to accommodate, Kelly must satisfy each of the following five elements:

(1) She is disabled under the ADA;
(2) She was otherwise qualified for her position, with or without reasonable accommodation;
(3) First Data knew or had reason to know about her disability;
(4) She requested an accommodation; and
(5) First Data failed to provide a reasonable accommodation.

*Aldini v. Kroger Co. of Mich.*, 628 F. App'x 347, 350 (6th Cir. 2015).

First Data moved under Rule 12(b)(6) to dismiss Count II, but the Court denied the motion because Kelly sufficiently alleged in her Complaint that Ording may have rescinded a previously-granted accommodation to work from home. ECF No. 35, p. 583-84. While Plaintiff's allegations in her Complaint may have been able to withstand a motion to dismiss,

those allegations about an alleged prior accommodation to work from home are now unsupported by the record and cannot survive summary judgment in the face of undisputed facts.

Contrary to Kelly's allegations in the Complaint, it is undisputed that following the birth of a child in March 2015, Kelly never requested a reasonable accommodation for a disability from First Data through the remainder of 2015 or in 2016 or 2017. SOMF, ¶ 10. Kelly neither suffered from a disability from March 2015 through 2017, nor did she suffer from a disability that prevented her from driving to work during that time. SOMF, ¶ 11. Instead, the reason Kelly wanted to work from home was solely because she disliked the length of her commute and preferred to stay home with her children. SOMF, ¶ 12.

Furthermore, it is undisputed that Kelly never advised Ording that she had been previously granted an accommodation due to a disability. SOMF, ¶ 13. Had Kelly been granted an ongoing accommodation due to a disability, the Human Resources Department would have advised Ording of that accommodation. SOMF, ¶ 14. Kelly, however, never advised Ording that she suffered from a disability and Kelly never submitted a Workplace Adjustment Form for a disability accommodation from March 2015 through 2017. SOMF, ¶ 15.

On November 17, 2017, Kelly told Ording that she was voluntarily resigning because of personal and family issues and her desire to spend more time with her family. SOMF, ¶ 17. Ording suggested to Kelly that rather than resigning, she could instead request a leave of absence or temporarily work from home. SOMF, ¶ 18. Kelly declined these offers. SOMF, ¶ 18. Kelly's last date of employment was November 30, 2017. SOMF, ¶ 19.

It is undisputed that Kelly failed to respond to the RFA served by First Data and that each of the admissions in the RFA are now admitted. SOMF, ¶¶ 1-8. Where a plaintiff (such as Kelly) fails to respond to requests for admission, thus admitting the disputed facts, the court may enter

summary judgment in the defendant's (First Data's) favor because there is no genuine dispute of material fact. *Hill v. Universal Fid., LP*, 2018 WL 2291421, at *6 (N.D. Ohio Apr. 26, 2018); *Info-Hold, Inc. v. Muzak LLC*, 2013 WL 940393, at *2 (S.D. Ohio Mar. 08, 2013) ("Plaintiff's failure to timely respond to Defendant's Third Set of Requests for Admission alone is sufficient basis on which to grant summary judgment to Defendant."); *Adam v. Airway Mfg. Co.*, 2019 WL 6609257, at *2 (N.D. Ohio Dec. 05, 2019) (granting summary judgment after non-moving party failed to respond to requests for admission, thus making there no genuine dispute of material fact).

The undisputed facts in this case are based not only on Kelly's admissions, but also on the affidavit of her supervisor Robin Ording. These undisputed facts demonstrate that Kelly has no facts to satisfy the *prima facie* elements of an ADA failure to accommodate claim. It is undisputed that Kelly cannot prove during the relevant time period: (i) that she suffered from a disability under the ADA (element 1 of a *prima facie* case), (ii) that First Data had knowledge of a disability (element 3), (iii) that she requested a reasonable accommodation (element 4), or (iv) that First Data failed to provide or revoked a required reasonable accommodation under the ADA (element 5). SOMF, ¶¶ 10-15. Kelly's failure to meet any one of the above elements would require dismissal, but here, Kelly has failed to satisfy four of the five required elements for a *prima facie* case for failure to accommodate a disability under the ADA. *See Aldini*, 628 F. App'x at 351 (affirming summary judgment where plaintiff could not satisfy *prima facie* elements of ADA failure to accommodate claim).

**5. CONCLUSION**

There is no dispute of material fact that Kelly cannot meet the *prima facie* elements of her ADA claim in Count II of the Complaint. For this reason, First Data respectfully requests that

38095108.4

this Court grant its Motion for Summary Judgment, and grant such other and further relief as the Court deems appropriate.

>Respectfully submitted,
>
>/s/ Laura E. Salzman
>
>Laura E. Salzman (0095304)
>Roetzel & Andress, LPA
>250 East Fifth Street, Suite 310
>Cincinnati, OH 45202
>Telephone: (513) 361-0200
>Facsimile: (513) 361-0335
>Email: lsalzman@ralaw.com
>
>Gary B. Eidelman (*adm. pro hac vice*)
>Michael P. Cianfichi (*adm. pro hac vice*)
>Saul Ewing Arnstein & Lehr LLP
>500 East Pratt Street, Suite 900
>Baltimore, Maryland 21202
>Telephone: (410) 332-8975
>Facsimile: (410) 332-8976
>gary.eidelman@saul.com
>michael.cianfichi@saul.com
>
>*Counsel for Defendant First Data Corporation*

38095108.4