# EXHIBIT A

| | |
|---|---|
| **From:** | Cianfichi, Michael P. |
| **To:** | JulieKellyProSe@gmail.com |
| **Cc:** | Eidelman, Gary B.; Salzman, Laura |
| **Bcc:** | First Data Corporation_Julie Kelly _367495_00022_ Email |
| **Subject:** | Kelly v. FD - Service of Discovery and HIPAA Follow Up |
| **Date:** | Wednesday, October 28, 2020 2:51:08 PM |
| **Attachments:** | image001.png<br>Kelly v. First Data Corp.msg.msg<br>37656871-v1-First Set of Request for Admissions to Plaintiff (FDC_Kelly).PDF |

Julie:

Please find the attached First Set of Requests for Admissions from Defendant First Data.

Additionally, I am following up on my email (also attached) concerning the HIPAA authorization form that was sent to you on August 13, 2020. We have still not yet received it from you. Please promptly sign and return this form to us. Additionally, in reviewing your Answers to First Data's Interrogatories, you identified two physicians, Dr. Michael Bentz and Dr. Christopher Fleming, as having knowledge relating to this case but you did not provide any contact information for them, which was required as part of the interrogatory answer. Please provide that contact information and the executed HIPAA form by the end of this week.

Thank you,



**Michael P. Cianfichi**
500 E. Pratt Street
Baltimore, MD 21202-3133 | Suite 900
Tel: 410.332.8709 | Fax: 410.332.8014
Michael.Cianfichi@saul.com | www.saul.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JULIE KELLY, | Civil Case No. 1:19-cv-00372 |
| Plaintiff, | District Judge Douglas R. Cole<br>Magistrate Judge Stephanie Bowman |
| v. | |
| FIRST DATA CORPORATION, | **DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF** |
| Defendant. | |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant First Data Corporation ("Defendant" or "First Data"), by and through its undersigned counsel, respectfully requests that Plaintiff Julie Kelly ("Plaintiff") answer the following First Set of Requests for Admissions ("Admissions") under oath within thirty days.

## INSTRUCTIONS

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to the responding party as well as her agents, representatives, and, unless privileged, attorneys.

2. These Admissions are continuing in character, and to the extent that the answers may be enlarged, diminished, or otherwise modified by information acquired subsequent to the filing of the initial answer hereto, you are required to serve promptly thereafter supplemental answers setting forth such information.

3. No part of an Admissions should be left unanswered merely because an objection is interposed to another part of the Admissions. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4. In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any Admissions or part thereof, and information is not provided on the basis of such assertion:

   A. In asserting the privilege, the responding party shall, in the objection to the Admissions, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

   B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

      (1) For oral communications:

         a. the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

         b. the date and place of the communication; and

         c. the general subject matter of the communication.

      (2) For documents:

         a. the type of document;

         b. the general subject matter of the document;

         c. the date of the document; and

         d. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

6. If, in answering these Admissions, Plaintiff encounters any ambiguities when construing a question, instruction, or definition, Plaintiff's answer shall set forth the matter deemed ambiguous and the construction used in answering.

7. In answering these Admissions, you are requested to furnish all information which is available to you, including that which has been obtained by and that which is in the possession of your attorneys, employees, agents, or other representatives, and not merely the information known by the individuals preparing and/or verifying the responses.

**DEFINITIONS**

1. "All" shall mean each and every.

2. "Complaint" means only Count II (Americans with Disabilities Act) of the Complaint filed by Plaintiff against the Defendant on May 20, 2019, in the United States District Court for the Southern District of Ohio, Civil Action Number 1:19-cv-00372.

3. "Answer" shall mean the Answer filed on July 14, 2020.

4. "And" shall mean and/or and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses/documents that might otherwise be construed to be outside its scope.

5. "Plaintiff" shall mean Plaintiff Julie Kelly, including her agents, representatives, and, unless privileged, attorneys.

6. "Defendant" shall mean Defendant First Data Corp including its present and/or former principals, partners, shareholders, officers, directors, employees, agents, parent companies, subsidiaries, affiliates, and/or representatives, and all other persons acting or purporting to act on its or their behalf.

7. "First Data" shall mean the Defendant.

8. "Communication" refers to any oral conversation, transaction, or interaction (including telephone calls), and any written transaction or interaction (including letters, memoranda, notes, telecopies, facsimiles, telex, e-mails, electronic transmission of information, or other transfer of documents), as well as the transfer of any document or tangible thing between persons.

9. "Document" and "Documents" have the broad meaning ascribed by Rule 34 of the Federal Rules of Civil Procedure.  The terms include, without limitation, all writings, drawings, graphs, charts, spreadsheets, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form.  The terms include, without limitation, papers, books, records, letters, emails, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, workpapers, transcripts, minutes, reports and recordings or telephone or other conversations or of interviews, or of conferences, or of other meetings,

-3-

affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, clients lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing program library, data processing input and output, microfilm, books of account, records and invoices reflecting business operations, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing and all things similar to any of the foregoing, however denominated.

   10. "ESI" means electronically stored information, electronically stored data or electronic data, and is to be interpreted broadly to include all types of information, regardless of the storage media (e.g., hard drive, DC-ROM, DVD, disc, tape, thumb drive, etc.), that required a computer or other machine to read or process it.

   11. "Each" shall mean each and every.

   12. "Identify" or "identity," when used in reference to a document, shall mean to state the nature of the document (*e.g.*, letter, memorandum, *etc.*); the date, if any, appearing on the document; the identity of the person(s) who wrote, signed, dictated, or otherwise participated in the preparation of the document; the identity of all persons who received copies of the document; and the present location and custodian of the document.

   13. "Person" or "Persons" refers to any natural person, firm, corporation, partnership, government entity, association, sole proprietorship, group or organization, any department or other unit thereof.

   14. "Relating to" and "Relate to" shall be construed in their broadest sense and shall mean directly or indirectly concerning, considering, underlying, modifying, amending, confirming, producing, evidencing, representing, qualifying, terminating, revoking, canceling, negating, including, describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

   15. "You" or "your" shall mean Plaintiff.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:** Admit that there are no documents, communications or ESI which evidence that you requested a reasonable accommodation for a disability from First Data in 2015, after the birth of your child in or around March 2015.

**RESPONSE:**

-4-

-5-

**REQUEST NO. 2:** Admit that in 2015, after the birth of your child in or around March 2015, you never made a verbal request to any First Data employee that the company provide you with a reasonable accommodation because you had a disability.

**RESPONSE:**

**REQUEST NO. 3:** Admit that in 2015, after the birth of your child in or around March 2015, you never made a written request to any employee of First Data that the company provide you with a reasonable accommodation because you had a disability.

**RESPONSE:**

**REQUEST NO. 4:** Admit that no physician or other medical provider diagnosed you with having a disability in 2015 after the birth of your child in or around March 2015.

**RESPONSE:**

**REQUEST NO. 5:** Admit that you have no documents, communications or ESI from a physician or other medical provider that support your claim that you had a disability in 2015 for which you required a reasonable accommodation after the birth of your child in or around March 2015.

**RESPONSE:**

**REQUEST NO. 6:** Admit that Defendant's Human Resource Service Center never submitted a Workplace Adjustment Form on your behalf in 2015 after the birth of your child in or around March 2015.

**RESPONSE:**

**REQUEST NO. 7:** Admit that no physician or other medical provider instructed you in 2015 not to drive because you had a disability after the birth of your child in or around March 2015.

-5-

**RESPONSE:**

**REQUEST NO. 8:** Admit that you were never subject to a medical restriction that prevented you from driving to First Data's offices in 2015 after the birth of your child in or around March 2015.

**RESPONSE:**

**REQUEST NO. 9:** Admit that you wanted to work from home in 2015 because you did not like the length of your commute to work.

**RESPONSE:**

**REQUEST NO. 10:** Admit that you wanted to work from home in 2015 to take care of your children.

**RESPONSE:**

**REQUEST NO. 11:** Admit that there are no documents, communications or ESI which evidence that you requested a reasonable accommodation for a disability from First Data in 2016.

**RESPONSE:**

**REQUEST NO. 12:** Admit that in 2016, you never made a verbal request to any First Data employee that the company provide you with a reasonable accommodation because you had a disability.

**RESPONSE:**

**REQUEST NO. 13:** Admit that in 2016, you never made a written request to any employee of First Data that the company provide you with a reasonable accommodation because you had a disability.

**RESPONSE:**

**REQUEST NO. 14:**  Admit that no physician or other medical provider diagnosed you with having a disability in 2016.

**RESPONSE:**

**REQUEST NO. 15:**  Admit that you have no documents, communications or ESI from a physician or other medical provider that support your claim that you had a disability in 2016 for which you required a reasonable accommodation.

**RESPONSE:**

**REQUEST NO. 16:**  Admit that Defendant's Human Resource Service Center never submitted a Workplace Adjustment Form on your behalf in 2016.

**RESPONSE:**

**REQUEST NO. 17:**  Admit that no physician or other medical provider instructed you in 2016 not to drive because you had a disability.

**RESPONSE:**

**REQUEST NO. 18:**  Admit that you were never subject to a medical restriction that prevented you from driving to First Data's offices in 2016.

**RESPONSE:**

**REQUEST NO. 19:**  Admit that you wanted to work from home in 2016 because you did not like the length of your commute to work.

**RESPONSE:**

**REQUEST NO. 20:**  Admit that you wanted to work from home in 2016 to take care of your children.

**RESPONSE:**

**REQUEST NO. 21:**  Admit that in 2017, you never made a verbal request to any First Data employee that the company provide you with a reasonable accommodation because you had a disability.

**RESPONSE:**

**REQUEST NO. 22:**  Admit that in 2017, you never made a written request to any employee of First Data that the company provide you with a reasonable accommodation because you had a disability.

**RESPONSE:**

**REQUEST NO. 23:**  Admit that there are no documents, communications or ESI which evidence that you requested a reasonable accommodation for a disability from First Data in 2017.

**RESPONSE:**

**REQUEST NO. 24:**  Admit that no physician or other medical provider diagnosed you with having a disability in 2017.

**RESPONSE:**

**REQUEST NO. 25:**  Admit that you have no documents, communications or ESI from a physician or other medical provider that support your claim that you had a disability in 2017 for which you required a reasonable accommodation.

**RESPONSE:**

**REQUEST NO. 26:**  Admit that Defendant's Human Resource Service Center never submitted a Workplace Adjustment Form on your behalf in 2017.

**RESPONSE:**

**REQUEST NO. 27:** Admit that no physician or other medical provider instructed you in 2017 not to drive because you had a disability.

**RESPONSE:**

**REQUEST NO. 28:** Admit that you were never subject to a medical restriction that prevented you from driving to First Data's offices in 2017.

**RESPONSE:**

**REQUEST NO. 29:** Admit that you wanted to work from home in 2017 because you did not like the length of your commute to work.

**RESPONSE:**

**REQUEST NO. 30:** Admit that you wanted to work from home in 2017 to take care of your children.

**RESPONSE:**

**REQUEST NO. 31:** Admit that the only jobs you applied for after December 1, 2017 did not require you to commute to an office.

**RESPONSE:**

**REQUEST NO. 32:** Admit that the only jobs you applied for after December 1, 2017 would allow you to work from home.

**RESPONSE:**

**REQUEST NO. 33:** Admit that you did not apply to any jobs between December 1, 2017 and July 8, 2018.

**RESPONSE:**

**REQUEST NO. 34:** Admit that you did not apply to any jobs after March 31, 2019.

**RESPONSE:**

Dated: October 28, 2020

/s/ *Gary B. Eidelman*
Gary B. Eidelman, Esq. (*adm. pro hac vice*)
Michael P. Cianfichi, Esq. (*adm. pro hac vice*)
Saul Ewing Arnstein & Lehr LLP
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 332-8975
Facsimile: (410) 332-8976
gary.eidelman@saul.com
michael.cianfichi@saul.com

Laura E. Salzman (0095304)
Roetzel & Andress, LPA
250 East Fifth Street, Suite 310
Cincinnati, OH 45202
Telephone: (513) 361-0200
Facsimile: (513) 361-0335
Email: lsalzman@ralaw.com

*Counsel for Defendant First Data Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 28, 2020, the foregoing First Set of Requests for Admission to Plaintiff were served by electronic mail and USPS first class mail, on Plaintiff Julie Kelly, 823 Dorgene Lane, Cincinnati, Ohio 45244.

/s/ *Michael P. Cianfichi*

-10-