IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JULIE KELLY,<br><br>  Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION,<br><br>  Defendant. | Civil Case No. 1:19-cv-00372-DRC-SKB |

**DEFENDANT FIRST DATA CORPORATION'S REPLY TO PLAINTIFF'S RESPONSE AND IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, First Data Corporation ("First Data"), for its reply to Plaintiff's Response to Defendant's Motion for Summary Judgment ("Response") and in further support if its Motion for Summary Judgment, states as follows:

1. **Kelly's Response was Untimely and Should be Stricken.** Southern District of Ohio Local Rule 7.2 requires any memorandum in opposition to be filed within 21 days after the date of service of the motion. S.D. Ohio Civ. R. 7.2(a)(2). First Data filed and served its Motion for Summary Judgment and accompanying pleadings on May 10, 2021. ECF No. 57. Kelly's Response was due no later than June 1, 2021,[1] but was not filed until June 3, 2021. ECF No. 58. *Pro se* status and ignorance of procedural requirements does not excuse Kelly's untimely filing. *See Johnson v. United States*, 544 U.S. 295, 311 (2005); *see also Bonilla v. Hurley*, 370 F.3d 494, 498-99 (6th Cir. 2004). Because Kelly's Response was untimely, the Court should strike it and

---

[1] The 21st day fell on Monday, May 31, 2021, which is Memorial Day when the Court was closed so the filing was due the next day. Accordingly, the Response was due no later than 11:59 pm on Tuesday, June 1, 2021. Fed. R. Civ. P. 6(a)(1).

1

disregard any arguments she makes in her Response. *See U.S. v. Pleasant*, 12 Fed. Appx. 262, 269 (6th Cir. 2001) ("[W]e are not obligated to consider the issues raised by [*pro se*] defendant's untimely brief . . ."); *see also Penn v. United States*, No. 20-4169, 2021 U.S. App. LEXIS 4576, at *5 (6th Cir. Feb. 17, 2021);[2] *Horton v. Warden, Ross Corr. Inst.*, No. 2:07-cv-525, 2008 WL 687136, at *3 (S.D. Ohio March 11, 2008); *Anderson v. Hamilton Cnty. Bd. Of Commissioners*, No. 1:05-cv-344, 2006 WL 2709767, at *3 (S.D. Ohio Sept. 20, 2006). This is especially true where Kelly has completely disregarded orders of this Court in the past. *See e.g.* ECF No. 55.

2. **<u>Kelly's Response Fails to Comply with the FRCP, Local Rules, or Civil Standing Order of this Court.</u>** First Data's Motion for Summary Judgment is supported by affidavit and Kelly's admissions. Accordingly, to oppose summary judgment, Fed. R. Civ. P. 56(c) requires Kelly to identify a genuine dispute of material fact by citation "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; . . . ." The Response does not refer to matters in the record, nor does Kelly supply any affidavit or declaration to create a dispute of material fact. *See e.g., Gessner v. Howard*, No. 3:11-cv-00286, 2013 WL 1346337, at *20 (S.D. Ohio April 2, 2013) (granting summary judgment in favor of defendant where the plaintiff did not submit any supportive affidavit, unsworn declaration, or another piece of evidence mandated by Rule 56(c)(1) in opposition to a summary judgment motion). While Kelly cites to an email in her Response regarding her decision to resign (ECF No. 58, PAGEID #771), that email does not support her

---

[2] Per J. Cole Standing Order on Civil Procedure § I(F)(1)(c), unreported decisions from Lexis are attached hereto as Exhibit A.

claim that First Data failed to accommodate her alleged disability, notwithstanding the fact that the email is not in the record.

Kelly also attempts to support her claim with a singular exhibit which she identifies as "a copy of her medical record showing a diagnosis for [Adult Situational Stress Disorder] dated 4/27/2016." ECF No. 58, PAGEID #778-79.  Again, this exhibit does not support her claim that First Data failed to accommodate her by refusing to allow her to work from home, nor is this document authenticated in any way. Indeed, it appears that Kelly redacted portions of this document without explanation. *Id.* at PAGEID #779. Moreover, this exhibit is not entered into the record via any sworn statement, affidavit, or declaration as required by Fed. R. Civ. P. 56(c)(1)(A). Accordingly, this exhibit is inadmissible for lack of foundation and authentication and should be disregarded.

In addition to failing to oppose summary judgment under Rule 56, Kelly also fails to adhere to this Court's standing orders with respect to her Response. Under this Court's rules, Kelly was required to submit a "Response to Proposed Undisputed Facts" that states "whether each of the facts asserted by the moving party is admitted or denied." J. Cole Standing Order on Civil Procedure § I(F)(2)(b). Plaintiff failed to file any Response to Proposed Undisputed Facts with her Response to challenge First Data's Proposed Undisputed Facts (ECF No. 57-2). Accordingly, per Fed. R. Civ. P. 56(e), her failure to admit or deny First Data's Statement of Undisputed Material Facts constitutes a failure to properly support or address facts that are supported by record evidence. The Court should therefore consider First Data's facts as "undisputed for purposes of the motion." *See* Fed. R. Civ. P. 56(e)(2).

As noted above, Kelly has also failed to produce any admissible evidence in support of the allegations made in her untimely Response. The Court's Civil Standing Order requires a party

opposing a motion for summary judgment to include in the response a "separate section entitled 'Proposed Disputed Issues of Material Fact'" that lists "each issue of material fact the Opponent contends must be tried," which "must be supported with citations to evidence." J. Cole Standing Order on Civil Procedures § I(F)(2)(b). As with her failure to file and serve a response to First Data's Statement of Undisputed Material Facts, Kelly also failed to submit a list of proposed disputed material facts supported by admissible evidence. Accordingly, the Court should rule that Kelly (1) does not have sufficient evidence to support any material facts she claims are in dispute, or (2) that no material facts are in dispute in this matter. Therefore, for the reasons stated more fully in First Data's Motion and the supporting documents timely filed, summary judgment is warranted in First Data's favor.

3. **Kelly's Attempt to Rebut the Statements Deemed Admitted in Defendant's Requests for Admission Fails.** As argued in First Data's Memorandum of Law In Support of Its Motion for Summary Judgment (ECF No. 57-1), "conclusive admissions 'cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record.'" *Goodson v. Brennan*, 688 F. App'x 372, 375-76 (6th Cir. 2017). It is undisputed that the RFAs have been admitted by Kelly and conclusively established as a matter of fact, as ordered by the Court. *See* ECF No. 56.

Kelly's Response attempts to accomplish what is clearly not permitted by Sixth Circuit precedent: to place in dispute the facts conclusively established by the admitted RFAs. Indeed, Kelly does not even attempt to rebut these established facts through sworn testimony, but tries to create a dispute of material fact through unsworn and unsupported arguments in an untimely pleading. Such an attempt is nothing more than an attempt to circumvent the overwhelming, unfavorable facts that she is incapable of rebutting through admissible evidence. Accordingly, the

Court should disregard Kelly's attempt to dispute the undisputed facts of this case through unsworn, unauthenticated, and untimely arguments, documents, and self-serving statements.

5. **Kelly's Response Fails to Establish a *Prima Facie* Claim for Failure to Accommodate.** Even if the Court were to disregard all the procedural flaws identified above and Kelly's failure to support her self-serving arguments with any admissible evidence, the Response still fails to establish a *prima facie* claim for failure to accommodate under the ADA. In support of its Motion for Summary Judgment, First Data submitted the Affidavit of Robin Ording, Kelly's supervisor. Ording testifies under oath that Kelly never advised that she had a disability, nor did she ever request an accommodation for a disability. ECF No. 57-5, PAGEID #758. Ording further testified that Kelly never told her that she previously had been granted an accommodation for a disability. *Id.* at PAGEID #759. Ording also testified that Kelly told her that the reason she was resigning was because of personal and family issues regarding her children. *Id.* Ording offered Kelly the opportunity to request a leave of absence or seek permission to temporarily work from home, which Kelly rejected. *Id.*

None of these facts have been challenged by admissible evidence in the record. Kelly cannot establish a *prima facie* case for failure to accommodate because:

- There is no evidence that Kelly suffered from a disability from March 2015 through 2017 or that she was prevented from driving to work during that time period (SOMF ¶ 11, ECF No. 57-2, PAGEID #730),

- There is no evidence that Kelly requested a reasonable accommodation from First Data regarding any alleged disability that prevented her from driving to work (SOMF ¶ 10, ECF No. 57-2, PAGEID #730),

- There is no evidence that Kelly advised First Data that she suffered from a disability or submitted a Work Place Adjustment Form for a disability accommodation between March 2015 and 2017 (SOMF ¶¶ 14-15, ECF No. 57-2, PAGEID #731), and

5

- There is evidence that First Data offered her the option to either take a leave of absence from work or to temporarily work from home, both of which she refused in favor of voluntary resignation. (SOMF ¶ 18, ECF No. 57-2, PAGEID #731).

Moreover, it is undisputed that the reason Kelly desired to work from home was unrelated to any alleged disability, but rather rooted entirely in her displeasure with her long commute and her desire to stay home with her family. SOMF ¶ 17, ECF No. 57-2, PAGEID #731.

Kelly's Response presents no supported assertions or evidence to place these facts in dispute. Instead, she relies entirely on self-serving arguments and goes as far as to speculate about what testimony two alleged potential witnesses *may* give if called upon to testify, to quote from an email not filed with the Court, and to try to contradict the sworn statement of Robin Ording without any evidential support. *See* ECF No. 58, PAGEID #769-770. These unsupported allegations, in addition to the many others contained in the Response, are insufficient to establish a *prima facie* claim for failure to accommodate.

6. **Kelly Cannot Revive her Claim for Constructive Discharge.** In her Response, Kelly attempts to revive her claim that she was constructively discharged. ECF No. 58, PAGEID #775-776. However, the Report and Recommendation issued by Magistrate Judge Bowman on January 27, 2020, recommended that Count VI of the Complaint for constructive discharge be dismissed. ECF No. 35, PAGEID #592-93. Kelly did not appeal this recommendation. ECF No. 48, PAGEID #635. Her attempts at a second bite of the apple with respect to an alleged claim for constructive discharge must be rejected.

**CONCLUSION**

For the foregoing reasons and as more fully set forth in First Data's Motion for Summary Judgment and Memorandum in Support (ECF No. 57), there are no genuine disputes of material fact and First Data is entitled to judgment as a matter of law on Kelly's claim for failure to

accommodate under the ADA. Accordingly, First Data's Motion for Summary Judgment should be granted.

Respectfully submitted,

/s/ Laura E. Salzman

Laura E. Salzman (0095304)
Roetzel & Andress, LPA
250 East Fifth Street, Suite 310
Cincinnati, OH 45202
Telephone: (513) 361-0200
Facsimile: (513) 361-0335
Email: lsalzman@ralaw.com

Gary B. Eidelman (*adm. pro hac vice*)
Saul Ewing Arnstein & Lehr LLP
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 332-8975
Facsimile: (410) 332-8976
gary.eidelman@saul.com

*Counsel for Defendant First Data Corporation*

### CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all parties of record via ECF, and by first class mail to the following:

Julie Kelly
823 Dorgene Lane
Cincinnati, OH 45244
*Pro Se Plaintiff*

/s/ Laura E. Salzman
Laura E. Salzman (0095304)

Dated: June 16, 2021