# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JULIE KELLY,

      Plaintiff,

v.

FIRST DATA CORPORATION,

      Defendant.

Case No. 1:19-cv-372
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

This cause comes before the Court on the Magistrate Judge's August 23, 2021, Report and Recommendations ("R&R") (Doc. 62). The Magistrate Judge recommends that the Court grant defendant First Data Corporation's ("First Data") Motion for Summary Judgment (Doc. 57) and thereby dismiss the sole remaining claim from Plaintiff Julie Kelly's Complaint (Doc. 1). For the reasons stated more fully below, the Court **ADOPTS** the Report and Recommendations (Doc. 62), **GRANTS** First Data's Motion for Summary Judgment (Doc. 57), and **DISMISSES** the sole remaining claim from Kelly's Complaint (Doc. 1) **WITH PREJUDICE**.

The R&R advised Kelly and First Data that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 62, #807). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C.

§ 636(b)(1)(C). Accordingly, the parties here needed to object by September 7, 2021 (allowing one extra day so that the deadline would not fall on the Labor Day holiday). The time for filing objections has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. of Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Kelly originally brought numerous claims against various defendants arising out of her former employer First Data's decision to require her to report to work at its office despite her having worked from home for years. (Compl., Doc. 1). Most of those claims were dismissed from this action by a previous Order (Doc. 48) of this Court adopting the Magistrate Judge's earlier R&R (Doc. 35) filed January 27, 2020. Only a single claim against First Data remained for failure to accommodate under the Americans with Disabilities Act ("ADA"), the claim that is the subject of the instant R&R. With respect to the ADA claim, First Data filed its Motion for Summary Judgment (Doc. 57) on May 10, 2021, arguing that Kelly failed to put forward record

evidence sufficient to create a genuine dispute as to most of the elements of her claim. Kelly filed an untimely Response (Doc. 58) on June 3, 2021, and First Data replied in support (Doc. 60) of its Motion on June 16, 2021.

The R&R (Doc. 62) recommends that the Court grant First Data's Motion, stating that Kelly has failed to offer evidence sufficient to survive summary judgment regarding most of the elements of an ADA claim for failure to accommodate. *See Aldini v. Kroger Co. of Mich.*, 628 F. App'x 347, 350 (6th Cir. 2015) (listing elements). Specifically, Kelly failed to put forward evidence that she had a disability during the relevant period beyond a single unauthenticated medical record containing a general list of health issues. (R&R, Doc. 62, #801–02). Kelly also failed to produce evidence that she informed First Data that she had a disability beyond passing references to her health in a resignation email. (*Id.* at #803). For the same reason, the Magistrate Judge concluded, Kelly failed to put forward any evidence that she requested an accommodation during the relevant period. (*Id.* at #804–05). Finally, Kelly's failure to request a reasonable accommodation meant that First Data had not failed to provide one. (*Id.* at #805). On the Court's review of the record, there is no plain error in the Magistrate Judge's well-reasoned R&R. In particular, the Court notes that the almost total absence of citations to record evidence in Kelly's Response (Doc. 58) confirms her failure to point the Court to any genuine dispute of material fact as to the above elements of her ADA claim for failure to accommodate.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 62). The Court thus **GRANTS** First Data's Motion for Summary Judgment (Doc. 57) and

**DISMISSES** the sole remaining claim in Kelly's Complaint (Doc. 1) **WITH PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on the docket.

    **SO ORDERED.**

December 3, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**